IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY MURPHY,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| -VS- | § | CIVIL NO. 3:09-cv-01368-L |
| | § | |
| | § | *CAPITAL CASE* |
| | § | |
| **RICK THALER**, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

_____

## PETITIONER PATRICK HENRY MURPHY'S RESPONSE TO RESPONDENT'S OPPOSITION TO MOTIONS FOR LEAVE TO FILE *EX PARTE* MOTIONS UNDER SEAL

Petitioner Patrick Henry Murphy hereby files this response to the Opposition filed by Respondent to Mr. Murphy's motions for leave to file *ex parte* applications under seal. Docket Entry 10. In its opposition, Respondent first asserts that Mr. Murphy has failed to make a proper showing concerning the need for confidentiality. To surmount this hurdle, Mr. Murphy need not provide Respondent with a detailed preview of the claims he intends to investigate. Rather, as even the Respondent acknowledges on page 2 of his Opposition, district courts in this circuit have found that the "statement of the need for confidentiality must generically identify the type of services needed and the broad issue or topic (for example, innocence) for which the services are needed." *Shields v. Johnson*, 48 F. Supp. 2d 718, 720 (S.D. Tex. 1999) (citation omitted). In both motions, Mr. Murphy has provided such a generic identification of the type of services needed and the broad issues involved. To require disclosure of more information, particularly in

his motion for funds for a mitigation specialist, would essentially penalize Mr. Murphy for his indigence, as Respondent would have no right to learn that Mr. Murphy was even retaining such services if Mr. Murphy had the means to pay for them in the first instance.  *See, e.g.*, *United States v. Abreu*, 202 F.3d 386, 391 (1st Cir. 2000).

Respondent next asserts that Mr. Murphy is not entitled to discovery and that his motion seeking an order authorizing disclosure of mental health records should therefore be denied. Respondent also notes, however, that he "is not necessar[ily] opposed to Murphy obtaining his own mental health records, which he should not need discovery to obtain. . . ." Opposition at 7. As set out in the *ex parte* application filed with the Court, Mr. Murphy attempted to gain access to the records in question with a signed release.  However, the mental health provider insists on a court order to release the records.  Accordingly, the only way for Mr. Murphy to gain access to these records concerning his own mental health, which ordinarily he could obtain with a signed release, is through the issuance of the requested order.  Mr. Murphy does not, moreover, seek wide-ranging discovery in his *ex parte* motion: he seeks a single order authorizing disclosure of his own mental health records.

Finally, Petitioner argues that Mr. Murphy's *ex parte* motions should be denied because any claims of ineffective assistance of counsel resulting from review of the requested mental health records or mitigation investigation will be procedurally barred.  Petitioner's argument is premature.  Exhaustion is an affirmative defense to claims that may be later raised in response to a petition that Mr. Murphy has not yet filed.  At this point, Mr. Murphy need only show that the services for which he seeks funds are "reasonably necessary," pursuant to 18 U.S.C. § 3599(f). That statutory language does not limit funding to services that are necessary to investigate claims that have been exhausted.   Congress has certainly proven itself capable of inserting such

restrictive language into statutes applicable to habeas actions. *See, e.g.*, 28 U.S.C. § 2254(b)-(c). The absence of such language here is significant, and the plain language of the statute should not be supplemented with more onerous restrictions to funding. *See Harbison v. Bell*, 129 S. Ct. 1481 (2009) (ruling that the plain language of 18 U.S.C. § 3599(e) authorizes appointment of federally funded counsel to represent state petitioners in clemency proceedings and explicitly rejecting the government's arguments that the judiciary should read restrictions into the statute that are not plain on its face).

Applying this standard, Mr. Murphy has met the threshold showing that the services he seeks are, in fact, reasonably necessary. As detailed in the *ex parte* motion filed with the Court, Mr. Murphy has a potentially meritorious ineffective assistance of counsel claim. As newly appointed counsel, undersigned has a clear obligation to investigate this claim, and counsel cannot fulfill this ethical duty without funding for and the assistance of a mitigation specialist. *See, e.g.*, American Bar Association Guideline 10.15.1(E)(4) ("Post-conviction counsel should fully discharge the ongoing obligations imposed by these Guidelines, including the obligations to … continue an aggressive investigation of all aspects of the case."); American Bar Association Supplementary Guideline 10.11(B) ("The defense team must conduct an ongoing, exhaustive and independent investigation of every aspect of the client's character, history, record and any circumstances of the offense, or other factors, which may provide a basis for a sentence less than death.").

At the very least, counsel must be afforded the opportunity to determine the relative merits of this claim through investigation. Once that investigation is complete, counsel may well be in a position to argue that the exhaustion requirement has been satisfied, or that it is appropriate for this court to stay and abate the federal proceeding to permit Petitioner to return to

state court, or that cause and prejudice excuse any default that may have occurred.   Counsel

simply cannot know which of these various possibilities is applicable prior to conducting the

investigation, and any one of these possibilities would permit this Court to address the merits of

Petitioner's claim.   The reasoning of *Patterson v. Johnson* on this score is instructive and bears

quoting at some length:

> In order to obtain relief in a federal post-conviction proceeding, [petitioner] must allege
> facts which, if true, would entitle him to relief. Without investigative funds to help
> identify promising habeas corpus claims, [petitioner's] counsel may not be able to
> marshal the facts needed to make a good-faith allegation of a federal constitutional
> violation. Even if he could allege facts which, if true, would establish 'cause' for the
> procedural default, without investigative funds at the pre-application stage, [petitioner]
> may be unable to show a constitutional violation with sufficient particularity (and
> perforce, would be unable to show 'prejudice'). As the Supreme Court noted in
> *McFarland v. Scott*, 512 U.S. 849, 855 (1994), the investigative resources provided under
> 28 U.S.C. § 848(q)(9) 'may be critical in the preapplication phase of a habeas corpus
> proceeding, when possible claims and their factual bases are researched and identified.'
> Ultimately, the court concludes that it makes little sense to force [petitioner] to first try to
> make a good faith claim of a constitutional violation before supplying him with the
> resources to investigate this claim's factual basis and validity. This is especially true of a
> claim that may have been procedurally defaulted in the state post-conviction forum, for
> which [petitioner] must also allege and prove not just 'cause' for the procedural default,
> but 'prejudice' as well. If [petitioner] is to make the requisite allegation of constitutional
> deficiency and consequent 'prejudice' in his petition, he should be allowed to investigate
> and develop the full extent of the mitigating evidence that trial counsel allegedly failed to
> investigate and produce at his trial.

2000 U.S. Dist. LEXIS 12694, *4-6 (N.D. Tx. 2000).

Moreover, development of evidence to support an ineffective assistance of counsel claim

in federal court before returning to state court to exhaust that claim is not without precedent in

this circuit.   In *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007), petitioner developed and

presented his ineffective assistance of counsel claim in federal court, arguing that he met the

cause exception to procedural default because the state interfered with his efforts to obtain new

counsel on appeal and then appointed incompetent state habeas counsel, before ultimately

returning to state court to exhaust his claim.   The Fifth Circuit ultimately held that petitioner's

claim was ripe for federal review in the district court.  *Id.* at 532.  Such could well be the path

that a similar claim by Mr. Murphy follows to federal review on the merits.  At this juncture, it is

simply too early to tell, and Mr. Murphy's claim should not be denied before he has even had the

opportunity to develop it.

For the foregoing reasons, Mr. Murphy respectfully requests that his previously filed

motions be granted.

DATED:        December 10, 2009                    Respectfully submitted,

                                                   /s/ David R. Dow
                                                   David R. Dow
                                                   Texas Bar No. 06064900
                                                   TEXAS DEFENDER SERVICE
                                                   412 Main Street, Suite 1150
                                                   Houston, TX  77002
                                                   Tel. (713) 222-7788
                                                   Fax (713) 222-0260

                                                   *Counsel for Patrick Henry Murphy*

## CERTIFICATE OF SERVICE

On December 10, 2009, I served an electronic copy of this pleading on counsel for the

Respondent by filing the foregoing document with the Clerk of the Court for the U.S. District

Court, Northern Division of Texas, using the electronic case filing system of the court.

JEREMY GREENWELL
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, TX 78711
Jeremy.greenwell@oag.state.tx.us

/s/ David R. Dow
_____

David R. Dow