# EXHIBIT 22

Cause No. F01-34065-T

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 283RD JUDICIAL |
| V. | § | DISTRICT COURT |
| GEORGE RIVAS | § | DALLAS COUNTY, TEXAS |

FILED
FEB 9 2001
JIM HAMLIN
DIST. CLERK, DALLAS CO. TEXAS
_____ DEPUTY

## COURT'S FINDINGS REGARDING PUBLICITY

On the 2nd day of February, 2001, this Court conducted a hearing and heard arguments on the issue of whether an order restricting publicity should be entered in this case. The defendant and his counsel were present as well as the attorneys for the State and counsel representing various news organizations. After having considered the arguments of counsel, the evidence admitted at the hearing, any briefs filed, and the newspaper, radio, and television stories which have been printed and broadcast regarding this case, the Court now makes the following findings:

There has been extensive media coverage of this case throughout the initial investigation, arrest, and grand jury proceedings. There is no indication that delaying the trial of this case would lessen the amount of pretrial publicity in this case, and the Court so finds.

There has been extensive news coverage of inculpatory statements allegedly made by defendant in this case which may or may not be admissible in the trial of this case.

There has been extensive news coverage concerning the events surrounding the commission of this offense and possible extraneous offenses occurring both before and after the time of the offense alleged in this case.

There has been extensive news coverage concerning statements made to the press relating to the number and type firearms seized, the type of firearms involved in the offense, and who may or may not have fired shots during the offense with which the defendant is charged.

Statements have been made to, and reported by, the press regarding what punishment the defendant feels he deserves.

The extensive news coverage of these cases extends beyond the local media to both statewide and national coverage. Therefore restricting pretrial publicity in these cases is necessary in order to preserve the availability of the option of a change of venue should such become necessary.

This Court has an affirmative duty to guard against pretrial publicity that would prejudice these criminal proceedings.

As a result of the statements made to, and published by, the press a serious and imminent threat to the constitutional right of the defendant herein to a fair trial exists.

Failure to impose an order restricting prejudicial pretrial publicity in this case would impair the State's ability to impanel a fair and impartial jury.

There are no other available remedies that would effectively mitigate the effect of the prejudicial publicity.

Under this set of facts and the particular circumstances of this case, the First Amendment must yield to the fundamental right of a fair trial.

An order restricting publicity in this case is necessary in order to prevent imminent and irreparable harm to the judicial process.

SIGNED this 2 day of February, 2001.

_____
MOLLY FRANCIS, JUDGE
283RD JUDICIAL DISTRICT COURT
DALLAS COUNTY, TEXAS