# EXHIBIT 31

REPORTER'S RECORD

VOLUME 5 OF ____ VOLUMES
DALLAS COUNTY TRIAL COURT CAUSE NO. F01-00326-T
FRANKLIN COUNTY CAUSE NO. F-7443

| | | |
|---|---|---|
| STATE OF TEXAS | * | IN THE DISTRICT COURT |
| VS. | * | DALLAS COUNTY, TEXAS |
| MICHAEL ANTHONY RODRIGUEZ | * | 283RD DISTRICT COURT |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHANGE OF VENUE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On the 31st day of January, 2002, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Vickers L. Cunningham, Sr., Judge Presiding, held in Mt. Vernon, Franklin County, Texas. Proceedings reported by machine shorthand.

A P P E A R A N C E S

APPEARING FOR THE STATE

Mr. Toby Shook
SBOT NO. 18293250
And
Mr. Tom D'Amore
SBOT NO. 05349500
And
Mr. Rick Jackson
SBOT NO. 10492980
Assistant District Attorneys
133 No. Industrial Blvd.
Dallas Texas 75207
Phone: 214/653-3600

APPEARING FOR THE DEFENDANT

Mr. Gary Taylor
Attorney at Law
P. O. Box 90212
Austin, TX 78709
512/301-5100
And
Mr. Keith Hampton
Attorney at Law
50-B West 14th St.
Austin, TX 78701
512/476/8484
And
Mr. Mike Charlton
Attorney at Law
And
Mr. John Niland
Attorney at Law

EXHIBIT INDEX

| EXHIBIT | IDENT. | OFFERED | ADMITTED | VOLUME |
|---|---|---|---|---|
| Def. 1-5 | Affidavits | 4 | 4 | 5 |
| ST. 837 | Controverting Affidavits | 7 | 7 | 5 |
| ST. 838 | Controverting Affidavits | 7 | 7 | 5 |

P R O C E E D I N G S

THE COURT: F01-00326-T, State of Texas versus Michael Anthony Rodriguez. Good afternoon, Mr. Rodriguez, this is the first time I have had an opportunity to have you in my court. We have a motion before the Court on your request for change of venue. Is the defense ready on your motion?

MR. TAYLOR: We're ready and present.

THE COURT: State ready?

MR. SHOOK: State is ready, Your Honor.

THE COURT: Mr. Taylor, your motion.

MR. TAYLOR: Your Honor, first I would tender to the Court Defense Exhibits 1 through 5, which have been attached to our motion for change of venue, our request for change of venue.

MR. SHOOK: No objections.

THE COURT: Defense 1 through 5 shall be admitted.

MR. TAYLOR: In addition, in support of our motion, would point or direct the Court's attention to, first, the motion that's been filed details media coverage of this particular case and the codefendants' cases have drawn in particular to Dallas County and the Dallas viewing area. The motion sets forth the number, actual number of words, in excess of 600 television media stories, sets forth that in excess of

some 45,000, I believe, words written on this case before Christmas of this year.

In addition, I would ask the Court to take judicial notice that in this court two codefendants have been tried, that being George Rivas and Donald Newbury, both have been convicted and sentenced to death for this offense, that there were cameras in the courtroom during those trials, in particular the last trial which was reported daily on "Court TV" and other news services, and would ask the Court to take judicial notice of that fact at this time.

THE COURT: The Court shall take notice of the two previous trials in the 283rd District Court.

MR. TAYLOR: I would finally direct the Court's attention to the bench brief which has been filed in this matter setting forth the law. Essentially under Texas Code of Criminal Procedures, Article 31.03, a change of venue is made proper in a felony case when you can show that there has developed a prejudice against the defendant such that he cannot obtain a full, fair, and impartial hearing.

The affidavits we admitted to the Court demonstrate at least five people feel that way. We cited the Court to extensive authority on the requirements of an impartial jury under Texas Constitution, Article 1, Section 10, as well as United States Constitution, Sixth Amendment to the United States Constitution.

We further cited to the Court to specific case law from this state demonstrating that when you have widespread media attention and extensive community knowledge of a crime of a particular incident that that notoriety may be sufficient to change of venue in a case --

THE COURT: Let me stop you right there. You just said this was run on "Court TV" and I believe the testimony from the last trial was that it was on "America's Most Wanted" four weeks in a row. Where, other than Afghanistan, could this trial be held that people wouldn't know about the facts as far as the surrounding issues of this case?

MR. TAYLOR: It's not -- I would argue to the Court that we're not going to find any place in Texas where a potential jury member doesn't know some facts of this case. The notoriety of this case in particular would lead to that conclusion.

However, I would show the Court and I think our motion does that, that there has been an even greater media coverage in Dallas County, in particular, the "Dallas Morning News" covered -- after the incident, covered this seven days front page stories after the incident.

The Dallas television media have in excess of 650 stories. The Dallas print media has printed more than 45,000 or 50,000 words. This is far in excess of any other place in the State of Texas.

So we would assert to the Court that a different venue which has not had the focused attention which Dallas County has would be appropriate.

In addition, the Dallas media has carried and covered this in a uniquely different way because of the fact that the last two trials have been covered daily and have been in Dallas County. And the statements by Mr. Rivas about I could have shot him in the head, therefore, since I didn't, therefore, I showed mercy or statements by Mr. Newbury that the officer obviously lacked training, do nothing but inflate or increase the prejudice against the defendant in this case.

Therefore, we would respectfully request that the Court, after reviewing all of these matters, change venue in this case. And we would inform the Court at this time that we would consent to a venue change under Section 31.09 which allows the Court to utilize Dallas County officials in the venue change. Thank you, Your Honor.

THE COURT: Mr. Shook?

MR. SHOOK: Your Honor, we would offer State Exhibits 837 and 838.

MR. TAYLOR: No objection.

THE COURT: Nos. 837 and 838 shall be admitted.

MR. SHOOK: The Court wants the State's response to arguments at this time?

THE COURT: Please, sir.

MR. SHOOK: Your Honor, we feel that a fair trial can be held in Dallas County in this case, despite the intense media coverage. The past two trials, Mr. Newbury and Mr. Rivas, the jurors were questioned extensively for that. Jurors that couldn't be fair were weeded out at that time, either from their answers on the questionnaire or during the jury selection process.

And we feel the same can happen in this case. And we oppose the change of venue motion by the defense.

THE COURT: Mr. Rodriguez, after this trial was over I did talk to the jurors and they -- I am totally confident that they followed the law in this case and that they considered only the evidence that came from the witness stand. And I believe they understood their job and took it very seriously.

Bottom line before me under Article 31.03, is if you feel that there exists in this county where this prosecution has occurred in the first two cases so great a prejudice against you that you cannot obtain a fair and impartial trial, that's just -- I need to know that. Is how you feel? Do you want -- do you think that you want another county to hear this case?

THE DEFENDANT: Yes, sir.

THE COURT: Next issue is, if I move this trial to a county that's not adjoining this district which is

31.03(a), then you would have grounds for reversal on time and contest. Is that going to be an issue or do I hear that you want outside the DFW market?

MR. TAYLOR: We will not contest a venue change outside this media market.

THE COURT: Because those are issues that I also have to consider. Bottom line is, it's my job to be sure that you get an absolutely fair and impartial trial and I can assure you that I will do my utmost and my very best to be sure that we have a fair trial.

So considering the Motion to Request Change of Venue, after reviewing the bench brief provided by the defense, after looking at the affidavits and hearing arguments of counsel, Mr. Rodriguez, I will grant your motion to change venue in this matter.

Having said that and I understand that you do not want a contiguous county for Dallas, I will grant the motion and this case shall be removed to Franklin County, Texas, and voir dire will begin on March 1st.

Any questions, gentlemen?

MR. TAYLOR: We have none, Your Honor, at least on the record.

MR. SHOOK: None on the record.

THE COURT: Very well. This case is now removed to Franklin County.

       (Recess)

     THE COURT:  Back on the record.  After the Court has made the ruling on the Motion to Change Venue per your agreement, Mr. Taylor, I have a signed agreement on the 3.09 issue from the Court.

     Mr. Rodriguez, did you go over this document with your attorney?

     THE DEFENDANT:  Yes.

     THE COURT:  That's your signature?

     THE DEFENDANT:  Yes, it is.

     THE COURT:  Very well.  The Court will retain the docket in Dallas County and move the personnel to Franklin County and we'll try the case out there.

     Gentlemen, remember we have a gag order on this trial.  And it's kind of hard.  My ruling has been you can talk historically about what has happened before but not prospectively about what is going to happen in this trial.  The whole reason we're having to move this is move outside the market and hold down the media the best we can.  And that can only occur if counsel will follow the order the Court previously issued on not speaking about the case.  So any questions about that?

     MR. TAYLOR:  No.

     MR. SHOOK:  No, sir.

     THE COURT:  This concludes the hearing for today.

[End of Volume

STATE OF TEXAS          *

COUNTY OF DALLAS        *

    I, NANCY BREWER, Official Court Reporter for the 283rd

Judicial District Court, do hereby certify that the above and

foregoing constitutes a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

    WITNESS MY OFFICIAL HAND on this the \_\_\_\_\_ day of _____, 2002.

    _____
    NANCY BREWER, CSR, NO. 5759
    Expiration Date: 12-31-02
    Official Reporter, 283rd JDC
    Frank Crowley Crts. Bldg. LB33
    133 No. Industrial Blvd.
    Dallas, TX 75207
    (214)653-58638