IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY MURPHY JR.,** | § § § | |
| Petitioner, | § § § | |
| -VS- | § § § § | CIVIL NO. 3:09-cv-01368-L *CAPITAL CASE* |
| **RICK THALER**, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**PETITIONER PATRICK HENRY MURPHY JR.'S MOTION
FOR LEAVE TO FILE *EX PARTE* APPLICATION FOR
REASONABLY NECESSARY SERVICES OF
POST TRAUMATIC STRESS DISORDER SPECIALIST**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE SAM A. LINDSAY:

Petitioner Patrick Henry Murphy Jr. respectfully requests leave to file under seal an *ex parte* request for reasonably necessary expert services pursuant to 18 U.S.C. § 3599(f).  *See Patrick v. Johnson*, 37 F. Supp. 2d 815 (N.D. Tex. Mar. 8, 1999); *Shields v. Johnson*, 48 F. Supp. 2d 719 (S.D. Tex. May 7, 1999); *Dowthitt v. Johnson*, No. H-98-3282, 1998 WL 1986954 (S.D. Tex. Dec. 3, 1998).  This motion has been filed and served to opposing counsel.  Mr. Murphy asks this Court for leave to file his more detailed application under seal.  Should the Court deny Mr. Murphy's request, he asks for an opportunity to withdraw the *ex parte* motion filed herewith.

A petitioner demonstrates the need for confidentiality in making his request for reasonably necessary services by specifying the services needed and the broad issue or topic for which the services are required.  *See Patrick*, 37 F. Supp. 2d at 816 ("The statement of need for

confidentiality merely must identify generically the type of services needed and the broad issues or topic (*e.g.*, innocence) for which the services are necessary."). Mr. Murphy requires the services of a psychiatrist with expertise in post traumatic stress disorder (PTSD) to assist him in developing, preparing, and litigating a claim that trial counsel were ineffective for failing to reasonably investigate, discover, develop, and present mitigating evidence that Mr. Murphy suffers from PTSD during the punishment phase of his capital murder trial.

Undersigned counsel has the ethical and professional duty to pursue any and all possible claims, investigating and reviewing the case anew. *See* GUIDELINES FOR THE APPT. AND PERFORMANCE OF DEF. COUNSEL IN DEATH PENALTY CASES 10.7(A) (2003) ("Counsel at every stage have an obligation to conduct thorough and independent investigations relating to the issues of both guilt and penalty."). In order for counsel to comply with his professional responsibilities, including the need to protect confidential attorney work product, counsel's request must be made *ex parte* and under seal. *See id.* at Commentary to Standard 10.4 ("Because the defense should not be required to disclose privileged communications or strategy to the prosecution in order to secure these resources, it is counsel's obligation to insist upon making such requests ex parte and in camera."); SUPPLEMENTARY GUIDELINES FOR THE MITIGATION FUNCTION OF DEFENSE TEAMS IN DEATH PENALTY CASES 4.1(A) (2008) ("Applications to the court for the funding of mitigation services should be conducted ex parte, in camera, and under seal."); GUIDELINES FOR STANDARDS FOR TEXAS CAPITAL COUNSEL 12.2(B)(6)(a) (State Bar of Tex. 2006) ("Because counsel should not have to disclose privileged communications or strategy to the prosecution in order to secure these resources, counsel must insist upon making such requests ex parte and in camera."); TEX. DISCIPLINARY R. PROF'L CONDUCT 1.05 (generally describing the need for confidentiality); *see also United States v.*

*Abreu*, 202 F.3d 386, 391 (1st Cir. 2000) ("Defendants who are able to fund their own defenses need not reveal to the government the grounds for seeking [an expert]. . . . To require indigent defendants to do so would penalize them for their poverty.").

## CONCLUSION

For the foregoing reasons, Mr. Murphy's request for leave to file the attached *ex parte* application for reasonably necessary services should be granted.

DATED: July 1, 2010                           Respectfully submitted,

/s/ David R. Dow
David R. Dow
Texas Bar No. 06064900
TEXAS DEFENDER SERVICE
412 Main Street, Suite 1150
Houston, TX  77002
Tel. (713) 222-7788
Fax (713) 222-0260

*Counsel for Patrick Henry Murphy Jr.*

## CERTIFICATE OF CONFERENCE

I certify that I spoke to Jeremy Greenwell, counsel for Respondent, who opposes this motion.

s/ David R. Dow
_____
David R. Dow

## CERTIFICATE OF SERVICE

On June 30, 2010, I served an electronic copy of this pleading on counsel for the Respondent by filing the foregoing document with the Clerk of the Court for the U.S. District Court, Northern Division of Texas, using the electronic case filing system of the court.

JEREMY GREENWELL
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, TX  78711
Jeremy.greenwell@oag.state.tx.us

/s/ David R. Dow
_____
David R. Dow

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY MURPHY JR.,** | § § § | |
| Petitioner, | § § § | |
| -VS- | § § | CIVIL NO. 3:09-cv-01368-L |
| | § § | *CAPITAL CASE* |
| **RICK THALER**, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## PROPOSED ORDER

The Court has reviewed Petitioner's Motion for Leave to File *Ex Parte* Application Under Seal. It is hereby ORDERED that Petitioner's motion is GRANTED.

Entered this \_\_\_\_\_ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE

5