IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK HENRY MURPHY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-1368-L |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

### ORDER

Petitioner Patrick Henry Murphy, by and through his attorney, seeks leave to file an *ex parte* application for authorization of funds to hire a psychologist with expertise in post-traumatic stress disorder to assist in developing, preparing, and litigating an ineffective assistance of counsel claim in this death penalty habeas case. Respondent opposes the *ex parte* consideration of such a motion.

A district court may authorize the payment of investigative or expert services in a capital case "[u]pon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence[.]" 18 U.S.C. § 3599(f). However, "[n]o ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality." *Id.* In *Patrick v. Johnson*, 37 F.Supp.2d 815 (N.D. Tex. 1999), this court held that a habeas petitioner seeking authorization to hire an expert or investigator under section 3599(f) must:

> file and serve a brief motion seeking generally authorization for investigative or expert expenses, [including] a short case-specific statement of the need for confidentiality. The statement of need for confidentiality merely must identify generically the type of services needed and the broad issue or topic (*e.g.* innocence) for which the

> services are necessary. Simultaneously, the petitioner must file *ex parte* and under seal his detailed application for authorization for the investigator or expert, and must estimate the amount of fees or expenses likely to be incurred. The petitioner must provide factual support for the funding request. The motion, but not the application with supporting materials, must be served on the respondent.

*Patrick*, 37 F.Supp.2d at 816 (Kaplan, J.), *quoting Dowthitt v. Johnson*, No. H-98-3282, 1998 WL 1986954 at *2 (S.D. Tex. Dec. 2, 1998). *See also Graves v. Johnson*, 101 F.Supp.2d 496, 499 (S.D. Tex. 2000); *Shields v. Johnson*, 48 F.Supp.2d 719, 720 (S.D. Tex. 1999). The court determines that petitioner has satisfied these requirements, and that the details of his funding request cannot be revealed without compromising attorney work product or privileged information.

Accordingly, petitioner's motion for leave to file [Doc. #19] an *ex parte* application for authorization of funds to hire a psychologist is granted. All proceedings held in connection with the application will be conducted *ex parte* and on a sealed record.

SO ORDERED.

DATED: July 2, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE