IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY MURPHY**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-1368-L-BN** |
| | § | |
| **RICK THALER, Director, Texas** | § | **(Death Penalty Case)** |
| **Department of Criminal Justice** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

## ORDER ADMINISTRATIVELY CLOSING CASE

Before this court are the parties' supplemental briefs on the issue of whether to suspend these proceedings pending a decision of the United States Supreme Court in *Trevino v. Thaler*, No. 11-10189. Respondent's supplemental brief asserts that all of Petitioner Patrick Henry Murphy's claims are unexhausted and procedurally barred, that the *Martinez v. Ryan* exception to the doctrine of procedural default for certain claims of ineffective assistance of counsel does not apply to Texas cases, and that suspending these proceedings would cause an unwarranted and needless delay. *See* Dkt. No. 54 (citing Dkt. No. 40 and *Ibarra v. Thaler*, 687 F.3d 222, 227 (5th Cir. 2012)). For his part, Petitioner does not concede that his unexhausted claims are now procedurally barred. Instead, he argues that it is not "entirely clear" that the state court would apply an independent and adequate procedural bar to Petitioner's claims and that therefore this case should be abated so that these claims may be exhausted and the State "allowed to make the procedural [bar], *vel non*, determination." Dkt. No. 55 at 8-13 (quoting *Wilder v. Cockrell*, 274 F.3d 255, 262 (5th Cir. 2001)). In the alternative, Petitioner argues that, if this court finds the claims to be procedurally barred, the

**Order Administratively Closing Case - Page 1**

court should suspend these proceedings pending the Supreme Court's decision in *Trevino*. *See* Dkt. No. 55 at 13-14.

The issues raised in the parties' supplemental briefing include some of the most intricate procedural issues and challenging and unsettled matters of federalism impacting death-penalty litigation. If Petitioner's claims of ineffective assistance of counsel are procedurally barred, but the Supreme Court applies the *Martinez* exception to Texas cases, those claims could be entitled to *de novo* review, without the deference otherwise required by the Antiterrorism and Effective Death Penalty Act of 1996 for claims that were adjudicated on the merits in state court, because these claims were never presented to the state courts. This could require an evidentiary development that would not be appropriate in this court under current Fifth Circuit precedent.[1] Recognizing the potential impact on similar claims, other proceedings have already been abated pending the Supreme Court's decision in *Trevino*.[2] As Respondent's supplemental brief notes, the Supreme Court heard oral argument in *Trevino* more than a month ago. *See* Dkt. No. 54 at 1. Therefore, a decision in *Trevino* is expected within a short time. Because of the *Trevino* decision's potential impact on these proceedings and the uncertainty of how the Supreme Court will decide the matters now before it,

---

[1] Respondent argues that a better approach would be to alternatively address any procedurally barred claims on their merits. *See* Dkt. No. 54 at 7. This court would not, however, under current Fifth Circuit precedent, conduct the evidentiary development that may be necessary to adequately resolve *de novo* the merits of any procedurally barred claims.

[2] *See Rayford v. Thaler*, No. 12-70004, Notice of Cancellation of Oral Argument (5th Cir., Nov. 7, 2012); *Will v. Thaler*, No. 4:07-CV-01000 (S.D. Tex., Dec. 20, 2012); *Reynoso v. Thaler*, No. 4:09-CV-02103 (S.D. Tex., Jan. 2, 2013); *Flores v. Thaler*, No. 3:07-CV-413-M (N.D. Tex., Jan. 15, 2013); *Garcia v. Thaler*, No. 3:06-CV-2185-M (N.D. Tex., Jan. 15, 2013); *Medina v. Thaler*, No. 4:09-cv-03223 (S.D. Tex., Feb. 6, 2013); *Ochoa v. Thaler*, No. 3:09-CV-2277-K (N.D. Tex., Mar. 5, 2013); *Braziel v. Thaler*, No. 3:09-CV-1591-M (N.D. Tex., Mar. 14, 2013).

this court exercises its discretion to wait the short time expected for a final decision by the Supreme Court in *Trevino*.

For the reasons herein stated, further proceedings in this cause are suspended and held in abeyance until the Supreme Court issues its decision in *Trevino*. There appears to be no further reason at this time to maintain this case as an open file for statistical purposes, and the court **determines** that it should be, and is hereby, **administratively closed**. Accordingly, the United States District Clerk is **instructed** to submit JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Nothing in this order shall be considered a final dismissal or disposition, and this case shall be reopened upon the issuance of a final decision by the Supreme Court in *Trevino* or as determined by further order of this court.

**It is so ordered** this 23rd day of April, 2013.

/s/ Sam A. Lindsay
Sam A. Lindsay
United States District Judge