IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK HENRY MURPHY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:09-cv-1368-L-BN |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | (Death Penalty Case) |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

This case has been reopened upon the issuance of the opinion of the United

States Supreme Court in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and referred to

the undersigned magistrate judge pursuant to 28 U.S.C. 636(b). This new opinion

overrules the precedent of the United States Court of Appeals for the Fifth Circuit

and holds that the exception to procedural bar created in *Martinez v. Ryan*, 566 U.S.

1 (2012), applies to substantial ineffective-assistance-of-trial-counsel claims

presented in the federal habeas review of state convictions and sentences that were

not presented to the state courts of Texas due to the ineffective assistance of state

habeas counsel. The *Trevino* opinion also left open the possibility that the state

court should be given an opportunity to address the merits of such claims "in the

first instance." 133 S. Ct. at 1921.

The parties are instructed to file, on or before **August 1, 2013**, supplemental

briefs addressing the impact of *Trevino* on this case, including but not limited to the

following issues: (1) whether evidentiary development should be allowed by this

Court in connection with the *de novo* consideration of any unexhausted ineffective assistance of counsel claim that may fall within the *Martinez/Trevino* exception and (2) whether this Court should further abate these proceedings to allow Petitioner to now present any such claim to the state court in the first instance.

To the extent that a party's position on any issue has been fully developed in prior briefing before this Court, no further briefing on that issue is required by that party, and the party may simply direct the Court to, and incorporate by reference, its prior briefing. For example, the Court notes that Petitioner's prior supplemental briefing has addressed the second issue listed above. Petitioner, therefore, may – but is not required to – fully address this issue again in light of the *Trevino* decision.

No responses or other briefing shall be filed unless permitted by further order of this Court.

SO ORDERED.

DATED: June 28, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE