**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PATRICK HENRY MURPHY JR.** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| -vs- | § | CIVIL NO. 3:09-cv-01368-L-BN |
| | § | |
| | § | ***DEATH PENALTY CASE*** |
| | § | |
| **RICK THALER**, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

---

**PETITIONER PATRICK HENRY MURPHY'S SUPPLEMENTAL BRIEF ADDRESSING THE IMPACT OF THE SUPREME COURT'S DECISION IN *TREVINO v. THALER***

---

On June 30, 2010, Petitioner filed his Petition for a Writ of Habeas Corpus in this Court. Dkt. 18. In the petition, Mr. Murphy raised two claims addressing the ineffectiveness of his counsel at his capital murder trial. Dkt. 18, at 26-96. Neither of these claims was presented in his state application for habeas corpus relief. Dkt. 35, at Exhibit 1.

On March 20, 2012, the Supreme Court decided *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Under *Martinez*, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review

collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012).

On May 28, 2013, the Court decided *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). In *Trevino*, the Court held that the exception created in *Martinez* applies to federal habeas petitions arising from the state courts of Texas. *See Trevino v. Thaler*, 133 S. Ct. 1911, (1921) 2013. *Trevino* dictates that this Court reconsider its prior order denying Mr. Murphy funding to pursue his claim of ineffective assistance of counsel and allow further evidentiary development necessary to develop his claims that may fall within the exception to procedural bar created in *Martinez*.

Although Petitioner previously requested the Court stay proceedings permit a return to state court, such is not required by *Trevino*[1] and perhaps not currently available. *See Ex parte McCarthy*, No. WR-50,360-04 (Tex. Crim. App. June 24, 2013); *McCarthy*, No. WR-50-360-04 (Cochran, J., concurring) ("But it is federal courts, not state courts, that must implement this new *de novo* review."). Rather than decide now whether Petitioner must attempt to exhaust his claims to the state court, this Court should first allow Petitioner to develop his claims. In the interim, if the state court rules that *Trevino* also creates a state court remedy—in addition to the federal remedy it has already created—this Court can determine at that time whether it is appropriate for Mr. Murphy to return to state court.

---

[1] "We leave that matter to be determined on remand." Trevino v. Thaler, 133 S. Ct. 1911, 1921 (2013).

**I. *Trevino v. Thaler***

In *Ibarra v. Thaler*, 687 F. 3d 222 (5th Cir. 2012), the Fifth Circuit Court of Appeals held that Texas petitioners could not benefit from the exception to the *Coleman* doctrine announced in *Martinez* because "Texas procedures do not mandate that ineffectiveness claims be heard in the first instance in habeas proceedings…." *Ibarra v. Thaler*, 687 F. 3d 222, 227 (5th Cir. 2012). The Supreme Court overruled *Ibarra* in *Trevino,* finding that "the Texas procedural system—as a matter of its structure, design, and operation—does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 133 S. Ct. at 1921; *see* Order, *Ibarra v. Thaler*, No. 11-70031 (5th Cir. July 17, 2013) (Graves, J., concurring) ("I agree that the Supreme Court's recent decision in *Trevino v. Thaler* … requires us to vacate our prior decision, grant Ibarra's certificate of appealability (COA), and remand to the district court for the appropriate application of *Martinez v. Ryan*…."). The holding of *Martinez* that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective" now applies to federal habeas petitions from Texas petitioners. *Id.* (quoting *Martinez*, 132 S. Ct. at 1320). While it remains unsettled as to whether post-*Trevino* decisions will dictate that federal petitioners raising a claim pursuant to *Trevino* must return to state courts, *see Trevino*, 133 S. Ct. at 1921 ("We leave that matter to be determined on remand."), it is now incumbent upon the federal courts to permit federal habeas petitioners to develop a claim that state habeas counsel was ineffective. It is only by developing a claim that state habeas counsel was ineffective that federal petitioners can

argue there is cause and prejudice to permit federal courts to hear otherwise-defaulted claims. Depriving an indigent capital habeas petitioner of the means to develop a claim under *Trevino* would "defeat" the "express requirement of counsel" provided by the federal statute. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *In re Hearn*, 376 F. 3d 447, 457 (5th Cir. 2004) (habeas petitioner entitled to resources to meet threshold showing made newly available by decision of Supreme Court).

Like Mr. Murphy's claim, Carlos Trevino's underlying ineffective assistance of trial counsel claim focused on counsel's failure to investigate, develop and present mitigation evidence. Petition for Writ of Certiorari at 14, *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) (No. 11-10189). Evidence that counsel failed to develop included his being abused as a child, suffering numerous head injuries, being homeless, and a history of substance abuse. *Id.* at 15-16. Trevino's state habeas counsel raised eight claims of ineffective assistance of trial counsel. *Id.* at 5. All were record-based. *Id.* There was no indication state habeas counsel conducted any extra-record investigation. Twenty-nine of the claims in the state habeas application were copied nearly verbatim from the direct appeal brief. *Id.* at 20. None of the forty-six claims raised relied on facts outside of the record. *Id.* at 20.

Mr. Murphy's trial counsel similarly failed to discover the true depth of the neglect and abuse that Mr. Murphy experienced as a child, and he also failed to discover that Mr. Murphy suffers from post-traumatic stress disorder. Dkt. 45, at 23-24. Had trial counsel conducted an adequate mitigation investigation, this mitigating evidence would have been discovered. Just as Trevino's state habeas counsel conducted no investigation and therefore failed to discover the deficiencies of trial counsel, Mr. Murphy's state

habeas counsel did no extra-record investigation. Dkt. 35, at Exhibit 2. While state habeas counsel for Trevino and Murphy both filed applications containing only record-based claims, Mr. Murphy's state habeas counsel's deficiencies far surpassed those of Trevino's in that he failed to raise a single cognizable claim.[2] *See* Dkt. 35, at Exhibit 1; Dkt. 55, Exhibit 1 (Findings of Fact and Conclusions of Law).

Less than a week after handing down its opinion in *Trevino*, the Supreme Court issued GVR orders in six cases that, like *Trevino*, asked the Court to decide whether *Martinez* was applicable to Texas cases. *See Balentine v. Thaler*, 133 S. Ct. 2763 (2013); *Washington v. Thaler*, 133 S. Ct. 2763 (2013); *Ayestas v. Thaler*, 133 S. Ct. 2764 (2012); *Gates v. Thaler*, 133 S. Ct. 2764 (2013); *Haynes v. Thaler*, 133 S. Ct. 2764 (2013); *Newbury v. Thaler*, 133 S. Ct. 2765 (2013). Counsel is reasonably familiar with each of these cases, and the petitioners in these cases are similarly situated to Mr. Murphy. Because each of these Texas inmates will now be afforded the opportunity to develop and present their *Trevino*-based IAC claims, Mr. Murphy should be given the same opportunity.

**II. Evidentiary development should be allowed**

For the *Martinez*/*Trevino* exception to apply to him, Mr. Murphy must establish that his ineffective assistance of counsel claim is substantial and that his state post-conviction counsel was ineffective. To demonstrate state habeas counsel was ineffective, Mr. Murphy must demonstrate to the Court that counsel was deficient and that Mr.

---

[2] The legal effect of the application filed by Mr. Murphy's state habeas counsel was indistinguishable from the statement filed by counsel in *Martinez v. Ryan*, 132 S. Ct. 1309) (2012), that she could find no colorable claims: Counsel presented no cognizable claims to the state habeas court. If anything, Mr. Murphy was left in a worse petition because he was not afforded the opportunity to file a *pro se* petition given to Martinez.

Murphy was prejudiced because of counsel's deficiencies. Given the application filed by state habeas counsel—which failed to raise a single cognizable claim—and the fee voucher filed by counsel—which revealed he conducted no extra-record investigation whatsoever—there can be no doubt that Mr. Murphy's state post-conviction counsel was deficient.

Demonstrating that Mr. Murphy was prejudiced requires current Counsel to develop the claim that could have been presented to the state court. While Counsel was granted funds for a mitigation specialist and used those funds to gather the appropriate records and interview several of the necessary witnesses to fully develop the claim, further evidentiary development is required. In short, federal habeas counsel must do everything required of both trial counsel and state habeas counsel in order to demonstrate to this Court that Mr. Murphy was prejudiced by their deficiencies.

Effectively developing and presenting Mr. Murphy's claim that he was denied the effective assistance of counsel by trial counsel's failure to conduct a reasonable sentencing investigation, necessitates that Counsel employ the same type of experts that should have been retained by trial counsel and state habeas counsel. Namely, because Mr. Murphy's records and the interviews conducted by Counsel have revealed there is a substantial likelihood that Mr. Murphy suffers from post-traumatic stress disorder, Counsel must retain the services of an expert qualified to evaluate whether in fact Mr. Murphy does suffer from this disorder. Both state and federal guidelines place this duty upon counsel at all stages. Dkt. 20, at 3-4. Counsel is incapable of demonstrating how Mr. Murphy was prejudiced by state habeas counsel's failure to retain such an expert without doing so in these proceedings. Believing the claim not to be procedurally viable,

this Court previously denied funds for such an expert. Dkt. 28. Because of *Trevino*, Mr. Murphy's claim is now unquestionably procedurally viable, and because he cannot properly raise the claim without this assistance, this Court should authorize the required funds.

With respect Mr. Murphy's claims that trial counsel was deficient in failing to make necessary objections during voir dire and closing argument, failing to seek a change of venue, and eliciting damaging testimony about future dangerousness, Mr. Murphy may seek leave to depose trial counsel. While it is Counsel's belief that the record currently available clearly demonstrates trial counsel was deficient in these ways and that Mr. Murphy was prejudiced by these deficiencies, if this Court believes further evidence of deficient performance is required, Mr. Murphy should be permitted to develop that evidence. For example, if Mr. Murphy's current counsel is granted leave to depose trial counsel, Mr. Murphy would have the opportunity to have trial counsel state what, if any, reasons counsel had when he failed to object during voir dire and closing argument, failed to seek a change of venue, and elicited damaging testimony about future dangerousness. Only with such an opportunity will Mr. Murphy be able to argue against any presumption this Court might believe should be afforded to the actions and inactions of trial counsel.

Mr. Murphy requests that this Court enter a schedule in which Mr. Murphy may (1) file an application for ancillary services reasonably necessary for development of his ineffective assistance of counsel claims and the *Martinez*/*Trevino*-based ground for cause (that state habeas counsel was ineffective); and (2) file an amended petition for writ of

habeas corpus containing his developed claims and arguments related to excusing procedural default.

Any decision regarding whether Mr. Murphy's claims of ineffective assistance of trial counsel are substantial would be premature at this point. Mr. Murphy has not been given the opportunity to fully develop his claims. Counsel has been denied funds necessary to properly raise the claims. Only after Mr. Murphy has been given the opportunity to develop his claims and present them to the Court in an amended petition will a decision regarding whether the claims are substantial be proper.

**III. The Court should retain jurisdiction of these proceedings.**

Although Mr. Murphy previously requested the Court stay proceedings permit a return to state court, such is not required by *Trevino* and perhaps not currently available. *See Ex parte McCarthy*, No. WR-50,360-04 (Tex. Crim. App. June 24, 2013); *McCarthy*, No. WR-50,360-04 (Cochran, J., concurring) ("But it is federal courts, not state courts, that must implement this new *de novo* review."). In *Ex parte McCarthy*, McCarthy asked the state court to create a remedy for her ineffective state post-conviction representation and authorize consideration of her defaulted ineffective assistance of counsel claim. The Texas Court of Criminal Appeals found no authority to do so and dismissed her application. It remains the law in Texas that the ineffectiveness of post-conviction counsel does not provide an acceptable basis for filing a subsequent application. *Ex parte Graves*, 70 S.W.3d 103, 117. In view of this current state of state law, this Court should allow Mr. Murphy to develop his claims in this forum. *Trevino* mandates that he be afforded this opportunity. If the content of state law changes during the pendency of

these proceedings, this Court can at that point address whether a return to state court is appropriate.

**CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, Mr. Murphy prays that this Court retain jurisdiction of these proceedings and enter a schedule in which Mr. Murphy may (1) file an application for ancillary services reasonably necessary for development of his ineffective assistance of counsel claims and the *Martinez*/*Trevino*-based ground for cause; and (2) file an amended petition for writ of habeas corpus containing his developed claims and arguments related to excusing procedural default.

Respectfully submitted,

s/ David R. Dow

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
100 Law Center
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131
Email drdow@central.uh.edu

*Counsel to Patrick Henry Murphy, Jr.*

**CERTIFICATE OF SERVICE**

I certify that August 1, 2013, a copy of the foregoing pleading was electronically served on counsel for the Respondent by filing the document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

Jeremy C. Greenwell
Office of the Texas Attorney General
Post Office Box 12548
Austin, Texas 78711
Jeremy.greenwell@oag.state.tx.us

s/ David R. Dow

____________________
David R. Dow