IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK HENRY MURPHY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-cv-1368-L |
| | § | |
| WILLIAM STEPHENS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER GRANTING LEAVE TO PROCEED *EX PARTE*

On August 5, 2014, petitioner Patrick Henry Murphy filed his "Motion for Leave to File *Ex Parte* Application for Reasonably Necessary Services of a Post Traumatic Stress Disorder Specialist" ("Motion for Leave," doc. 62), and tendered his proposed *ex parte* application (doc. 63). Respondent filed his response in opposition to *ex parte* consideration and to granting the request for funding. ("Opposition", doc. 64).

The court has previously found that the petitioner is entitled to the appointment of counsel and that this court may authorize the attorneys to obtain investigative, expert, or other services upon a finding that such services are reasonably necessary for the representation of the petitioner. *See* 18 U.S.C. § 3599(f). This statute further provides that "[n]o ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality." *Id.* Both parties assert the interpretation of this provision that merely requires a petitioner seeking such expense authorization *ex parte* to:

> file and serve a brief motion seeking generally authorization for investigative or expert expenses, [including] a short case-specific statement of the need for confidentiality. The statement of need for confidentiality merely must identify generically the type of services needed and the broad issue or topic (*e.g.* innocence)

> for which the services are necessary. Simultaneously, the petitioner must file *ex parte* and under seal his detailed application for authorization for the investigator or expert, and must estimate the amount of fees or expenses likely to be incurred. The petitioner must provide factual support for the funding request. The motion, but not the application with supporting materials, must be served on the respondent.

*Patrick v. Johnson*, 37 F. Supp. 2d 815, 816 (N.D.Tex. 1999); Motion for Leave at 1-2; Opposition at 2. The court finds that Murphy has followed this procedure, and orders as follows:

Murphy's "Motion for Leave to File *Ex Parte* Application for Reasonably Necessary Services of a Post Traumatic Stress Disorder Specialist" (doc. 62), is **granted,** and the accompanying application for funding (doc. 64) is considered *ex parte* and under seal. Respondent's arguments against funding in his response in opposition shall be considered by the court in ruling on the *ex parte* application.

**It is so ordered** this the 3rd day of September, 2014.

_____
Sam A. Lindsay
United States District Judge

2