IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK HENRY MURPHY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:09-cv-1368-L-BN |
| | § | |
| WILLIAM STEPHENS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Respondent William Stephens has filed a Motion to Cancel Evidentiary Hearing and Alternative Motion in Limine to Limit the Scope of Evidentiary Development. *See* Dkt No. 65. Petitioner Patrick Henry Murphy has filed a response. *See* Dkt No. 68. Respondent's motion to cancel the hearing is DENIED, but his alternative motion to limit the scope of the hearing is GRANTED to the extent explained below.

I

Respondent's motion to cancel seeks to prevent any evidentiary development of the ineffective-assistance-of-counsel claims that are subject to procedural bar. He first argues that the Supreme Court's opinions in of *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), do not concern funding or evidentiary development. Respondent's motion contends that "[n]owhere in either opinion did the Court even mention evidentiary development, much less hold that the new equitable exception somehow requires it." Dkt. No. 65 at 3. The Court disagrees.

To the extent that Respondent suggests that the factual basis for claims presented in proceedings under 28 U.S.C. § 2254 should be developed in state court rather than federal court, he is correct. Construing 28 U.S.C. § 2254(e)(2), the Supreme Court has explained:

> Principles of exhaustion are premised upon recognition by Congress and the Court that state judiciaries have the duty and competence to vindicate rights secured by the Constitution in state criminal proceedings. Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. "Comity ... dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."

*illiams v. Taylor,* 529 U.S. 420, 436-37 (2000) (quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999)).

But, in creating the *Martinez* exception to procedural bar, the Supreme Court recognized that effective counsel is needed to do this for claims of ineffective assistance of trial counsel. "While confined to prison, the prisoner is in no position to <u>develop the evidentiary basis</u> for a claim of ineffective assistance, which often turns on evidence outside the trial record." *Martinez,* 132 S. Ct. at 1317 (emphasis added). The Supreme Court explained that this would be a sound reason that a state may have for moving the presentation of ineffective-assistance-of-trial-counsel claims from the direct appeal where counsel is guaranteed to collateral proceedings where counsel is not. "Ineffective-assistance claims often depend on evidence outside the trial record. Direct appeals, without evidentiary hearings, may not be as effective as other proceedings for

2

developing the factual basis for the claim." *Id.* at 1318 (citing *Massaro v. United States,* 538 U.S. 500, 505 (2003)) (emphasis added).

In *Trevino,* Supreme Court applied this new exception to Texas cases precisely because of the impracticality of developing the evidence necessary to properly consider these claims in a direct appeal, as shown by the appeal deadlines in Trevino's case. "It would have been difficult, perhaps impossible, within that time frame to investigate Trevino's background, determine whether trial counsel had adequately done so, and then develop evidence about additional mitigating background circumstances." *Trevino,* 133 S. Ct. at 1919 (emphasis added). "Thus, as the Court of Criminal Appeals has concluded, in Texas 'a writ of habeas corpus' issued in state collateral proceedings ordinarily 'is essential to gathering the facts necessary to . . . evaluate . . . [ineffective-assistance-of-trial-counsel] claims.'" *Id.* at 1918 (citing *Ex parte Torres,* 943 S.W.2d 469, 475 (1997) (en banc) and *Robinson v. State,* 16 S.W.3d 808, 810-811 (Tex. Crim. App. 2000)) (emphasis added). The Supreme Court reasoned that the *Martinez* exception should be applied out of fairness to allow inmates the opportunity to develop that evidence whether they are required to present the claim in collateral proceedings as a matter of state law or as a purely practical matter: "were *Martinez* not to apply, the Texas procedural system would create significant unfairness." *Id.* at 1919.

> The right involved – adequate assistance of counsel at trial – is similarly and critically important. In both instances practical considerations, such as the need for a new lawyer, the need to expand the trial court record, and the need for sufficient time to develop the claim, argue strongly for initial consideration of the claim during collateral, rather than on direct, review.

3

*Id.* at 1921 (citing *Martinez,* 132 S. Ct. at 1318) (emphasis added).

The language and reasoning for both creating the exception and applying it to Texas cases rely on the need to allow inmates a meaningful opportunity to develop the evidence necessary to "substantiate" their claims. *Trevino,* 133 S. Ct. at 1920 (citing *Robinson,* 16 S.W.3d at 810)). To construe the *Martinez* exception as limited to a review of an undeveloped record that is insufficient to properly consider these claims would defeat these stated purposes.

Respondent also argues that, even if this Court is not prohibited from conducting the evidentiary hearing, it should exercise its discretion to not do so. But the same reasons for the existence of the exception support conducting the hearing in this case.

Respondent's motion to cancel the evidentiary hearing is therefore DENIED.

II

In the alternative, Respondent requests that "that any live testimony should be limited to the testimony of Murphy's trial counsel and, potentially, state habeas counsel." Dkt No. 65 at 6. Respondent cites to this Court's prior order that expressed a preference for written exhibits in lieu of live testimony for anyone other than counsel. *See id.* (citing Dkt. No. 61 at 6).

Although Murphy listed potential witnesses – specifically, four expert witnesses – other than trial and state habeas counsel, *see* Dkt. No. 66 at 2, his response does not address this alternate motion, *see* Dkt. No. 68.

Respondent's alternate motion is GRANTED to the extent that, consistent with Court's prior order, *see* Dkt. No. 61 at 6 ("The Court expects to hear live testimony from

4

counsel whose conduct is at issue but otherwise encourages the submission of written exhibits in lieu of live testimony."), the live testimony will be limited to trial and state habeas counsel. Nothing in this order prevents any party from presenting testimony from other witnesses by affidavit or written exhibit. *See id.*

### III

Respondent's motion to cancel the evidentiary hearing [Dkt. No. 65 at 2-6] is DENIED. Respondent's alternative motion to limit the hearing [Dkt. No. 65 at 6-7] is GRANTED to the extent that live testimony at the scheduled hearing will be limited to trial and state habeas counsel.

SO ORDERED.

DATED: September 25, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

5