IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK HENRY MURPHY, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:09-cv-1368-L-BN | |
| § | | |
| WILLIAM STEPHENS, Director, § | (Death Penalty Case) | |
| Texas Department of Criminal Justice § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## ORDER REQUIRING JOINT REPORT REGARDING SCHEDULE

Respondent William Stephens ("Director") has filed an unopposed motion to continue the hearing scheduled for January 21, 2015 and to enter an amended scheduling order. Dkt. No. 75. The certificate of conference indicates that the motion is unopposed. The motion does not, however, address all issues that have been created regarding the schedule.

On July 18, 2014, the undersigned granted a hearing on whether the exception to procedural bar created in *Martinez v. Ryan*, 566 U.S. 1 (2012), will apply to either of the claims of ineffective assistance of trial counsel asserted by petitioner Patrick Henry Murphy ("Murphy"). *See* Dkt. No. 61. This order required Murphy to make expert disclosures as required by Federal Rule of Civil Procedure 26(a)(2)(B) no later than September 15, 2014 and the Director to make expert disclosures no later than September 30. *See id.* at 7. The order also required that a motion to extend any

deadline must be filed before the expiration of the deadline sought to be extended. *See id.* at 9.

In his expert disclosure filed on September 15, 2014, Murphy disclosed expert information regarding only Richard Burr. Murphy stated that counsel was unable to make the disclosure for an expert in the area of post traumatic stress disorder (PTSD), because the Chief Judge of the Circuit had not yet approved and authorized the necessary funds, but that "[i]f Judge Stewart signs the proposed order and authorizes funds be spent on a PTSD expert, counsel will subsequently provide the statement from the PTSD expert required by this Court's order and Rule 26. " Dkt. No. 71 at 1. No disclosure has been made regarding any PTSD expert, and no motion to extend this deadline was made on or before the September 15 deadline.

The Court's scheduling order attempted to set out an incremental schedule for completing all necessary matters before the hearing. Murphy's statement that a disclosure may be made at some unknown future date raises scheduling issues and frustrates the purpose of this scheduling order. Before a new order is entered to reschedule this hearing and any other deadlines, this matter must be adequately addressed.

Therefore, the Court directs counsel for both parties to confer and file a joint report regarding any PTSD expert with this Court by **November 7, 2014**. This joint statement must include any and all proposed deadlines for completion of expert examinations, disclosures, and discovery for any PTSD experts, in addition to proposed new dates for the joint prehearing statement, prehearing conference, and evidentiary

hearing. The Court expresses no opinion regarding whether any deadlines will be extended except to state that no deadlines for expert disclosures or discovery other than those pertaining to any PTSD expert will be considered.

SO ORDERED.

DATED: October 28, 2014

_____
DAVID L. HORAN
UNITED   STATES   MAGISTRATE   JUDGE

3