820 Buddy Holly Avenue
Suite 3
Lubbock, TX 79401
806-762-8257
Fax: 877-886-0490



**Vince Gonzales
Mitigation Specialist**



# Fax

| | | | |
|---|---|---|---|
| **To:** | Brooke Busby | **From:** | Vince Gonzales |
| **Fax:** | 1-214-855-5162 | **Pages:** | 13 |
| **Phone:** | 806-785-8249 | **Date:** | 8/30/2003 |
| **Re:** | State vs. Patrick Murphy | **CC:** | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

● **Comments:  Ms. Busby, I spoke with Bill, your fact investigator regarding Mr. Murphy's case. He informed me that you have been looking for a Mitigation Specialist.  He asked that I forward the attached documentation.  As I have limited facts regarding your case, I can't prepare a particularized affidavit.  I have sent one I have recently used in a Collin County case.  The amount on this affidavit is unusually high because of the nature of the case; however, the Murphy case shouldn't come close to that amount….probably less than half.  Call me at home (806-785-8249), cell (806-543-5106) or the office (806-762-8257)  Vince Gonzales**

This e-mail communication (including any or all attachments) is intended only for the use of the person or entity to which it is addressed and may contain confidential and/or privileged material. If you are not the intended recipient of this e-mail, any use, review, retransmission, distribution, dissemination, copying, printing, or other use of, or taking of any action in reliance upon this e-mail, is strictly prohibited. If you have received this e-mail in error, please contact the sender and delete the original and any copy of this e-mail and any printout thereof, immediately. Your co-operation is appreciated.

Le présent courriel (y compris toute pièce jointe) s'adresse uniquement à son destinataire, qu'il soit une personne ou un organisme, et pourrait comporter des renseignements privilégiés ou confidentiels. Si vous n'êtes pas le destinataire du courriel, il est interdit d'utiliser, de revoir, de retransmettre, de distribuer, de disséminer, de copier ou d'imprimer ce courriel, d'agir en vous y fiant ou de vous en servir de toute autre façon. Si vous avez reçu le présent courriel par erreur, prière de communiquer avec l'expéditeur et d'éliminer l'original du courriel, ainsi que toute copie électronique ou imprimée de celui-ci, immédiatement. Nous sommes reconnaissants de votre collaboration.

Cause No. 366-81315-03
Cause No. 366-81316-03
Cause No. 366-81317-03

| | | |
|---|---|---|
| STATE OF TEXAS | X | IN THE 366th DISTRICT COURT |
| | X | |
| VS. | X | OF |
| | X | |
| DAVID ELLIOTT PENTON | X | COLLIN COUNTY, TEXAS |

**NOTICE TO CLERK OF COURT: This application is to be** considered EX PARTE and is filed for purposes of the record. This application is required to be SEALED, by law, and disclosure can be made ONLY to the TRIAL COURT and COUNSEL FOR DEFENDANT

## DISCLOSURE TO THE PUBLIC OR STATE IS PROHIBITED

## CONSULTANT'S FEE AND EXPENSE AGREEMENT

Pursuant to Order entered by the 366th Judicial District Court for Collin County, Texas, effective the ____ day of _____, 2003, Mitigation Specialist, Vince Gonzales ("Consultant") has been appointed to assist in the defense of David Elliott Penton ("Defendant") in Cause Nos.366-81315-03, 366-81316-03 and 366-81317-03, pending in the 366th Judicial District Court for Collin County, Texas, whereupon the Defendant stands charged with the felony offense of Capital Murder. Pursuant to the Consultant's fee schedule adopted by the 366th Judicial District Court, as well as the affidavit previously submitted to the Court and executed by the Consultant, the Consultant shall be compensated for his services in said cause on the following terms and conditions, to-wit:

### I. MAXIMUM HOURLY AND DAILY RATE

The Consultant shall be paid an hourly rate of $60.00 per hour for time expended in trial preparation, pre-trial investigation, client conferences, attorney consultations, and pre-trial hearings.

### II. CONSULTANT'S FEE ADVANCE, INTERIM PAYMENT AND FINAL PAYMENT

The Court has entered fees not to exceed $21,960.08, unless authorized by order of the Court. Said fees shall be paid as follows: Upon submission of an invoice, said consultant shall be paid a consultant's fee advance in the amount of $2,400.00. Said Consultant shall maintain detailed time and expense records to be charged against such advance. At such time as said Consultant should devote a number of hours, combined with approved expenses in the sum of $6,000.00, said Consultant shall present a detailed invoices for additional payment of earned Consultant's fees, and finally, upon completion of the case, a final bill shall be submitted.

In the event this cause should be disposed of without said Consultant expending

as much as $2,400.00 in combined time and expenses in this cause on the matters set forth hereinabove, such Consultant shall submit a detailed invoice setting forth the amount of time expended and expenses incurred in this cause and shall refund the unearned portion of said Consultant's fee advance to the Court.

### III. MAXIMUM DAILY TRIAL RATE

The maximum hourly daily rate for said Consultant shall be $600.00.

### IV. TRAVEL EXPENSE

It will be necessary to travel to Killeen, Texas, as well as Plano and Bonham, Texas, and Columbus, Ohio to interview witnesses and obtain Court documents. For this and all other necessary travel, the said Consultant shall receive mileage at the State designated rate of $0.35 per mile.

### V. EXTRAORDINARY EXPENSES

Other reimbursable expenses include pass through literature search and graphics production; for travel outside of Lubbock if required $.35 per mile for travel by private automobile, coach airfare if applicable, mid-size rental car or taxi charges, parking fees, and, standard grade hotel accommodations at the State rate.

I understand that approval of the court would be obtained before proceeding beyond what may be authorized.

_____
Vince Gonzales
Mitigation Specialist

APPROVED AND AGREED
THIS ____ day of August, 2003:

_____
STEVEN MIEARS
Counsel for Defendant

_____
PRESIDING JUDGE
Judge, _____ Judicial District
Collin County, Texas

Cause No. 366-81315-03
Cause No. 366-81316-03
Cause No. 366-81317-03

| | | |
|---|---|---|
| STATE OF TEXAS | X | IN THE 366th DISTRICT COURT |
| | X | |
| VS. | X | OF |
| | X | |
| DAVID ELLIOTT PENTON | X | COLLIN COUNTY, TEXAS |

**NOTICE TO CLERK OF COURT: This application is to be** considered EX PARTE and is filed for purposes of the record. This application is required to be SEALED, by law, and disclosure can be made ONLY to the TRIAL COURT and COUNSEL FOR DEFENDANT

### DISCLOSURE TO THE PUBLIC OR STATE IS PROHIBITED

### EX PARTE ORDER ON DEFENDANT'S MOTION FOR APPOINTMENT OF MITIGATION SPECIALIST

### DISCLOSURE TO THE PUBLIC OR STATE IS PROHIBITED

On this ____ day of _____, 2003, the above Motion for Appointment of A Mitigation Specialist was heard by the Court. The Court is of the opinion that the Motion should be GRANTED and it is ORDERED that Counsel for the Defendant is authorized to expend funds to secure Vince Gonzales, Mitigation Specialist, and it is FURTHER ORDERED that the Court has authorized an amount not to exceed $21,960.08 for payment of said expert, AS SET OUT IN THE ATTACHED AGREEMENT.

SIGNED this _____ day _____, 2003.

_____
PRESIDING JUDGE

Cause No. 366-81315-03
Cause No. 366-81316-03
Cause No. 366-81317-03

| | | |
|---|---|---|
| STATE OF TEXAS | X | IN THE 366th DISTRICT COURT   X |
| VS. | X | OF |
| | X | |
| DAVID ELLIOTT PENTON | X | COLLIN COUNTY, TEXAS |

### DEFENDANT'S EX PARTE MOTION FOR EXPERT ASSISTANCE IN INDIGENT CASE

**NOTICE TO CLERK OF COURT: This application is to be** considered EX PARTE and is filed for purposes of the record. This application is required to be SEALED, by law, and disclosure can be made ONLY to the TRIAL COURT and COUNSEL FOR DEFENDANT

**DISCLOSURE TO THE PUBLIC OR STATE IS PROHIBITED**

### MOTION FOR APPOINTMENT OF A MITIGATION SPECIALIST

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DAVID PENTON, Defendant in the above styled and numbered cause, by and through his attorney of record, Steven Miears, and respectfully moves the Court to appoint a Mitigation Specialist to assist in the preparation of his defense, and in support thereof would show the Court as follows:

I.

Defendant has a right to effective counsel. Effective assistance of counsel includes and extends to an obligation to make adequate investigation and preparation.

II.

In order to properly prepare this case, wherein Defendant is charged with the offense of Capital Murder Assault, defense counsel will be required to hire a Mitigation Specialist to profile the facts of this case, review reports, possibly interview the Defendant and witnesses, and examine the Defendant's background and character.

III.

Counsel for the Defendant is in need of a Mitigation Specialist to interpret the data available and assist in evaluating that data. Without the help of a Mitigation Specialist, counsel for the defense will not be able to provide effective assistance of counsel as provided by the Sixth Amendment to the U.S. Constitution.

IV.

Defendant would show that he does not have the funds to hire a Mitigation Specialist.

Attached hereto as Exhibit A is the expert's Affidavit in Support of this Motion.

V.

Counsel would urge the Court that one accused of a crime should not be forced to abandon one Constitutional Right in order to exercise another Constitutional Right. Defendant should not be required to waive his Fifth Amendment Right in order to exercise his Sixth Amendment Right to effective assistance of counsel.

VI.

Defendant would show the Court that even civil defendants are allowed to protect work product, attorney-client communications and the names of expert witnesses not expected to be called for trial. Defendant requests that the Mitigation Specialist so retained may be obliged by contract to respect the attorney-client privilege as an agent of the attorney and may not be compelled to testify.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Honorable Court appoint a Mitigation Specialist to assist in the preparation of his defense and to conduct the necessary examinations of evidence in this case, said Mitigation Specialist to be paid out of funds available to the Defendant.

Respectfully submitted,

_____
STEVEN R. MIEARS
Attorney at Law
P.O. Box 736
113 E. 5th Street, Suite 200
Bonham, Texas 75188
(903) 640-4963
SBN: 14025600
Attorney for Defendant

Affidavit of Vince Gonzales, Mitigation Specialist

Re: State of Texas v David Penton

I, Vince Gonzales, hereby declare:

1. "My name is Vince Gonzales. I am over age 21. I have personal knowledge of the facts contained in this affidavit and am competent to testify about them.

2. I am a Mitigation Specialist currently in practice in Lubbock, Texas. I have been so employed for 15 years. I have vast trial experience in all levels of criminal homicide cases, ranging from Intoxicated Manslaughter to Capital Murder. The main emphasis of my practice is Murder and Capital Murder, of which I have been actively involved in over 165 cases. I have accepted appointments from State District Courts, the Texas Court of Criminal Appeals, and Federal District Courts. I am a member of the Sentencing Project, as well as the National Association of Sentencing Advocates. I have maintained a private practice in Mitigation issues in Lubbock, Texas since June, 1988.

3. I have been appointed by various courts as an expert regarding sentencing determination issues including mitigation and future dangerousness in both state and federal courts. I have testified with regard to jury selection issues in my capacity as a Mitigation Specialist, as well as assisted in over 100 voir dire in both murder and capital murder cases in State and Federal courts. I have been appointed, as well as been hired and volunteered in a number of habeas proceedings, both at the State level and Federal level.

4. I have presented a paper regarding the effects Federal case law decisions in *Skipper vs. South Carolina*[1] and *Simmons vs. South Carolina*[2] have had and the effect of these cases in preparation of mitigation cases in which the prison system is used as a mitigating factor, with the attendant conceptualizations, research data, and practical applications of risk assessment in a capital context.

5. I am currently assisting in the collection of data regarding parole issues in capital sentencing. The co-authors of the proposed peer reviewed scholarly paper are Jonathan Sorensen, and R. Pilgrim

6. I have been contacted by Mr. Steven Miears, defense counsel for David Penton, regarding my willingness to serve as a Mitigation Specialist expert in evaluating various items of importance, including, but not limited to, family history, jail records, work records, medical records, educational records, police reports, and witness interviews

---

[1] 461 U.S. 1 (1986)
[2] 512 U. S. 154 (1994)

regarding mitigation, future dangerousness, and other capital sentencing determinations. My recommendations and evaluations will be passed on to various experts whom the Defense may utilize. My evaluation of these items will minimize the need of those experts from having to do background evaluations and streamline their ability to perform their functions.

7.   If a Mitigation Specialist is not allowed sufficient opportunity to develop comprehensive historical, developmental, medical, educational, family, community, and neuropsychological data, the trier of fact may be deprived of considering or giving weight to characteristics and circumstances of the defendant which could have significantly affected deliberations of a sentence of less than death. Additionally, without the development of a comprehensive fact base regarding the defendant's life, other experts will have no basis for considering or testifying regarding, medical, psychological, sociological, or psychiatric research relevant to the impact of the undisclosed factors on the defendant's character and circumstances, again depriving the trier of fact of testimony that might have given additional weight and credibility to the mitigating significance of factors.

8a.  It is important in capital sentencing evaluations for extended direct evaluation of records and interviews between the defendant, his or her family, friends, and associates and the Mitigation Specialist to allow:

   (1)   Opportunity to identify a prior history, which suggests the presence of any mental disorder, or defect, which might be of mitigating significance;
   (2)   Opportunity for sufficient trust to develop between the defendant and the Mitigation Specialist for the defendant to disclose history of trauma or other adverse experience which may be anxiety laden, accompanied by shame, or otherwise not easily elicited;
   (3)   Opportunity to obtain specific and detailed multi-generational family history, psychosocial history, medical history, and educational history as well as information about each traumatic or adverse experience and its subsequent life impact. A number of research studies demonstrate a disproportionately high incidence of childhood psychological trauma among violent offenders;
   (4)   Opportunity to allow a reasonable basis of direct observation for conclusions;
   (5)   Credibility of the testimony before the trier of fact.

8b.  Violence risk assessment in capital sentencing evaluations is assisted by direct evaluation of the defendant by the examining psychologist in order to provide:

   (1)    Opportunity to identify the presence of any mental disorder or defect;

(2)   Opportunity to allow a reasonable basis of direct observation for conclusions;

(3)   Opportunity to identify patterns, converging factors, and/or unique circumstances associated with past violent behaviors;

(4)   Opportunity to explore and clarify any disciplinary incidents or violence which may have occurred during incarceration, as this incarceration context is most relevant should the defendant face an extended capital sentence;

(5)   Credibility of the testimony before the trier of fact.

8c.   In capital sentencing evaluations additional multiple direct interviews of third party individuals are important in combination with other evaluation techniques to form reliable opinions. Relevant history of multigenerational, psychosocial, medical, educational and traumatic incident facts may be obtained from third party interviews which the defendant is unaware of or reluctant to disclose. Again extensive inquiry may be required to develop these facts.

In capital sentencing risk assessments multiple direct interviews of third party individuals can be important in combination with other evaluation techniques to form reliable opinions.

8d.   It is additionally customary in capital sentencing evaluations and capital sentencing risk assessments to personally and directly review instant offense records, school records, medical records, social service records, community records, juvenile and police records, etc. This comprehensive review of records adds to the reliability of subsequent opinions. It is not unusual for capital sentencing cross examination to involve detailed and specific inquiry regarding these records and their implication thus requiring more than a casual review by the expert.

8e.   Factors identified in the evaluation process may require a search of the psychological, sociological, forensic, psychiatric, medical, and criminological literature in addition to references and research findings I am already familiar with. A research literature base is important to provide a scientific basis for testimony, to meet evidentiary standards, and to withstand expert assisted cross-examination. As multiple distinct mitigation issues may be developed, the literature review involves corresponding multiple distinct searches. Further, there is conceptual and research literature regarding violence risk assessments, and violence risk assessment of capital offenders which may have significant implications to the trier of fact both in avoiding misconceptions and error, and in approaching the capital sentencing risk assessment task with a greater degree of scientific understanding. This literature may not be well known to psychologists who are not routinely practicing in this particular risk assessment context. This research base can be combined with historical information regarding the defendant to give the court important particularized perspectives regarding the likelihood of the defendant's probability of continuing criminal violence.

Additionally, I have had training, as well as experience, in working with the issues of mental health and mental retardation. Each of the following seminars have had training with regarding to working with a mentally retarded/mentally ill client:

TCDLA Capital Murder Seminar
Galveston, Texas
March, 2002

TCDLA Capital Murder Seminar
Houston, Texas
March, 2001

Texas Defender Services Mitigation Seminar
Dallas, Texas
April, 2001

NITA Habeas Training Seminar
Houston, Texas
2001

Federal Habeas Seminar
Habeas Assistance Training Counsel
Administrative Office, United States Court
Denver, Colorado

State Habeas Training Seminar
Habeas Assistance Training Counsel
Administrative Office, United States Court
Austin, Texas

Mental Retardation Update
Center For American and International Law
Austin, Texas

Third Annual Mental Health and the Criminal Law Seminar
Habeas Assistance Training Counsel
Administrative Office, United States Court
Atlanta, GA

Capital Trial Advocacy
"Persuading the Jury that your
    Client is Not a Future Danger"
The Center for American and International Law
Plano, Texas
January 17, 2003

Capital Murder Trial Training
Georgia Indigent Defense Council/GACDL
Jekyll Island, GA
February 6-9, 2003

Additionally, I have had experience in working with mentally retarded, mentally ill and autistic clients on numerous occasions, most recently, as a consulting expert (under State of Texas vs. DeFreece) in the State of Texas vs. Johnny Paul Penry.

8f.  The complexity and extent of expert testimony regarding mitigation factors, future dangerousness and other capital sentencing issues may require the preparation of testimony exhibits to assist the trier of fact in understanding the evidence. Many of these exhibits must be customized to the individual case and require associated time and attorney consultation, conceptualization, and preparation.

9.  After initial discussion with defense counsel and based on my past evaluations in capital cases, I estimate my evaluation would require the following:

**ESTIMATED HOURS:**

### PRE-TRIAL:

| | |
|---|---|
| Interview and direct examination of defendant | 25 hours |
| Interviews of selected family, teachers, correctional personnel, and other third parties | 40 hours |
| Records review | 15 hours |
| (Includes extraneous offenses, jail records, prison records, school records, medical and psychiatric records) | |
| Literature review | 6 hours |
| Attorney consultation | 40 hours |
| Consultation with other experts/investigators | 17.5 hours |
| Exhibit preparation | 3 hours |
| Total Evaluation and Preparation Hours @ $60.00/hr. | 146.5 Hours |
| 146.5 Hours @ $60.00 /hr. | $9,790.00 |

### TRIAL:

Trial, consultations, witness and expert preparations @ $60.00/hr (10 hour maximum per day)

| | |
|---|---|
| 14 days @ $600.00 | $8,400.00 |
| 3 day @ $180.00 | $ 540.00 |

**Total Minimum Hours estimated: 149 hours @ $60.00**

**ESTIMATED EXPENSES:**

Travel: 3 round trips Lubbock to McKinney for interviews,
   Evaluations, trial. (653.6 miles each)

   1,960.8 miles @ .35                                $ 686.28

   1 round trip Lubbock to Killeen, TX for interviews,

|  |  |  |
|---|---|---|
| record collection (668 miles) |  |  |
| 668 @ .35 |  | $ 233.80 |
| Travel: Round trip airfare from Lubbock to Columbus, OH to Retrieve records and conduct interviews (Estimated airfare) |  | $ 550.00 |
| Hotel: State rate $80.00 @ 22 days (approximate) |  | $1,760.00 |
| **TOTAL ESTIMATED SERVICES** |  | **$21,960.08** |

9a. The above evaluation/preparation services are billed at $60.00 per hour. The estimated hours are considered a best guess as factors may arise in the evaluation which would warrant additional exploration.

9b. If Court is held over from day to day waiting to testify or acting is a non-testifying expert, no billings accrue after court is adjourned for the day unless attorney conference services or additional testimony review and preparation occurs. Other reimbursable expenses include pass through literature search and graphics production; for travel outside of Lubbock if required $.35 per mile for travel by private automobile, coach airfare if applicable, mid-size rental car or taxi charges, parking fees, and, standard grade hotel accommodations at the State rate.

9c. I understand that approval of the court would be obtained before proceeding beyond what may be authorized.

9d. Should I be appointed in this case, it is my understanding that the defendant is indigent and that my professional fees will be borne by the court.

9e. The nature of this case is quite unique. The defendant has been convicted of criminal homicides in two states. The alleged crimes that the Defendant is currently facing trial on occurred several years ago. When faced with these facts, it becomes more difficult and time consuming than the "average" capital murder. The extensive travel time, as well as, various conferences with the defendant's prior counsel, investigators, victim's families, courthouse records collection, document gathering, requires considerably more time than most cases. The extraneous offenses must be reviewed, the defendant's prison and jail records must be analyzed, and medical and psychological histories must be developed. These jobs must be done as part of a team, with open

communication between the defense team, its experts and the defendant himself. It is for these reasons the estimate is as high as it is.

**<u>I hereby declare under the penalty of perjury of the laws of the State of Texas that the foregoing is true and correct to the best of my knowledge.</u>**

Dated this _____ day of _____ at McKinney, Texas.


_____

Vince Gonzales
Mitigation Specialist


ACKNOWLEDGEMENT


SWORN AND SUBSCRIBED TO on this _____ day of _____, 2003, by Vince Gonzales.

_____

Notary Public, State of Texas