IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK HENRY MURPHY, | § | |
| Petitioner, | § | |
| | § | Civil Action No. 3:09-cv-1368 |
| v. | § | (Magistrate Judge David L. Horan) |
| | § | |
| WILLIAM STEPHENS, | § | * DEATH PENALTY CASE * |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**RESPONDENT'S MOTION TO STRIKE UNTIMELY
SUPPLEMENTAL EXHIBITS**

This is a federal habeas corpus proceeding brought by Petitioner Patrick Murphy, a death-sentenced Texas inmate. In light of the Supreme Court's decisions in *Martinez v. Ryan*[1] and *Trevino v. Thaler*[2] creating a limited exception to the procedural default of certain claims, this Court granted Murphy the opportunity to demonstrate that the claims raised in his federal habeas petition fall within this exception. Docket Entry (DE) 61. After several postponements, an evidentiary hearing was held on September 4, 2015, to determine: (1) whether Murphy has set forth any substantial ineffective-assistance-of-trial-counsel (IATC) claim, and (2) whether any such IATC claim was not properly presented to the state court because of the ineffective assistance of state habeas counsel. DE 61 at 6; DE 95 at 1; DE 99. The Court

---

1   132 S. Ct. 1309 (2012).

2   133 S. Ct. 1911 (2013).

heard testimony from counsel whose conduct was at issue, but also allowed the parties to submit written exhibits in lieu of live testimony for any other witnesses they wished to present to the Court. DE 61 at 6; DE 73 at 5 ("Nothing in this order prevents any party from presenting testimony from other witnesses by affidavit or written exhibit."). Following the evidentiary hearing, the Court ordered the parties to submit proposed findings and conclusions along with a brief in support of those findings and conclusions within a month of the transcript becoming available. DE 98.

Despite the ample opportunity—both prior to and during the evidentiary hearing—that Murphy was given to present evidence in support of his assertions, Murphy attached numerous new affidavits to his brief in support that were obtained *after* the September evidentiary hearing. DE 105, exhibits 1-8. But this untimely filing of new evidence not only violates the limited nature of this Court's order for more briefing; it contradicts the very nature of the evidentiary hearing as being the forum for which to present evidence and to subject that evidence to examination by the opposing party. By waiting until the very last minute to supplement his allegations with new evidence, Murphy effectively denies the Director the opportunity to respond to the evidence that should have been presented earlier. It also subjects this Court to the possibility of perpetual litigation—even if allowed to respond, the Director's pleading could potentially lead to a response from Murphy supported by even more frivolous affidavits. For these reasons, the Director moves to strike the exhibits filed by Murphy in support of his proposed findings and conclusions.

## CONCLUSION

The Director respectfully requests that this Court strike Murphy's untimely affidavits (DE 105, exhibits 1-8) from the record, and render a decision based upon the record and pleadings currently before it.

                Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

   s/ Jeremy Greenwell
JEREMY C. GREENWELL*
Assistant Attorney General
State Bar No. 24038926

P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 936-1600
(512) 320-8132 (Fax)
E-mail:
jeremy.greenwell@texasattorneygeneral.gov

*Lead Counsel                ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I certify that on the 10th day of November, 2015, a copy of the above pleading was electronically served to the following counsel for Murphy by filing the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court:

DAVID R. DOW
University of Houston Law Center
100 Law Center, Suite 114-BLB
Houston, TX 77004-6060
ddow@uh.edu

                                      s/ Jeremy Greenwell
                                      JEREMY C. GREENWELL
                                      Assistant Attorney General