IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY MURPHY JR.** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| -vs- | § | CIVIL NO. 3:09-cv-01368-L-BN |
| | § | |
| | § | ***DEATH PENALTY CASE*** |
| | § | |
| **WILLIAM STEPHENS**, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

───────────────────────────────

**PETITIONER'S RESPONSE IN OPPOSITION TO
RESPONDENT'S MOTION TO STRIKE SUPPLEMENTAL EXHIBITS**
───────────────────────────────

At the September 4, 2015 evidentiary hearing, Respondent offered demonstrably false testimony to the Court through Murphy's trial counsel. Namely, in an attempt to prove trial counsel had not been deficient in failing to timely employ a mitigation expert, Respondent offered testimony through trial counsel that, to her knowledge, there were no mitigation experts working in Texas prior to the Supreme Court's handing down its decision in Wiggins v. Smith, 539 U.S. 510 (2003). See ECF No. 100 at 50, 67, 71. The exhibits that Respondent now asks the Court to strike, Exhibits A, A1, A2, A3, B, C, D, and E, ECF Nos. 105-1 – 105-8, were offered by Counsel to rebut the false testimony from trial counsel. At least two of these exhibits, Exhibts A1 and B, ECF Nos. 100-2 and 100-5, strongly suggest that trial counsel knew her testimony was false. Moreover,

Respondent has both a legal and ethical obligation to correct false testimony offered on its behalf. Tex. Disciplinary Rules Prof'l Conduct R. 3.03(b); *Giglio v. United States*, 405 U.S. 150, 153 (1972); *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *United States v. Mason*, 293 F.3d 826, 828 (5th Cir. 2002).

Counsel had no way of knowing prior to the September 4 hearing that Respondent planned to offer this false testimony, nor could Counsel have anticipated trial counsel would make such a demonstrably false claim. This was not a claim Respondent made in his Response to Murphy's Petition. Had Respondent done so, Counsel could have obtained the complained of exhibits as he prepared Murphy's Reply and filed them as exhibits to Murphy's Reply. It is Respondent's failure to make this argument earlier that necessitated the exhibits be included with Murphy's Brief in Support of Petitioner's Proposed Findings of Fact and Conclusions of Law. Mr. Murphy's Sixth Amendment Right to Counsel would be meaningless if he is not given an opportunity to respond to trial counsel's false explanation for her deficiency in preparing for the punishment phase of Murphy's trial.

If Respondent has evidence that supports trial counsel's claim that there were no mitigation experts in Texas before 2003, Counsel will not oppose the Court granting Respondent leave to file said evidence.

Respectfully submitted,

s/ David R. Dow
_____
David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4604 Calhoun
Houston, Texas 77204-6060
Tel. (713) 743-2171

*Counsel to Patrick Henry Murphy, Jr*.

**CERTIFICATE OF SERVICE**

    I certify that November 13, 2015, a copy of the foregoing pleading was electronically served on counsel for the Respondent by filing the document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

    Jeremy C. Greenwell
    Office of the Texas Attorney General
    Post Office Box 12548
    Austin, Texas 78711
    Jeremy.greenwell@texasattorneygeneral.gov

    s/ David R. Dow
    _____
    David R. Dow