IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK HENRY MURPHY, | § | |
| Petitioner, | § | |
| | § | Civil Action No. 3:09-cv-1368 |
| v. | § | (Magistrate Judge David L. Horan) |
| | § | |
| WILLIAM STEPHENS, | § | * DEATH PENALTY CASE * |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**RESPONDENT'S REPLY TO PETITIONER'S RESPONSE TO THE MOTION TO STRIKE UNTIMELY SUPPLEMENTAL EXHIBITS**

In his federal habeas petition filed over five years ago, Murphy first argued that his trial counsel was deficient for failing to timely employ what is now referred to as a "mitigation specialist." Docket Entry (DE) 18. At that time Murphy provided 39 exhibits in support of his allegations. *Id.* Since that time, the parties have twice briefed their positions on whether the equitable benefits of *Martinez v. Ryan*[1] should be applied to the procedural default of Murphy's claims, and Murphy was given a chance to present evidence in support of his position at a recent evidentiary hearing. DE 55, 60, 99. Despite the ample opportunity to present evidence in support of his assertions, Murphy recently filed numerous new affidavits with his proposed findings that were obtained after the September 2015 evidentiary hearing. DE 105, exhibits 1-8. Due to the dilatory nature of these new affidavits, as well as the fact that they violate

---

[1]   132 S. Ct. 1309 (2012).

the court's previous order and the very purpose of holding an evidentiary hearing, the Director moved to have these new documents stricken from these proceedings. DE 108.

Murphy now objects to this motion, arguing that the documents are necessary to rebut "demonstrably false testimony" that the Director offered at the evidentiary hearing through Murphy's trial counsel, Brook Busbee. DE 109. But Murphy's objection is based a series of misconceptions. To start, it is not the Director who offered the testimony of Ms. Busbee—she was called as a witness by counsel for Murphy, and the majority of the complained-of testimony concerning mitigation experts occurred during his redirect examination. DE 99; Transcript at 66-74. Given that Ms. Busbee was on Murphy's witness list and indeed called by him as a witness at the hearing, Murphy's allegation that he had "no way of knowing" about Ms. Busbee's potential testimony is patently absurd. Further, Ms. Busbee's testimony was offered by Murphy because it is his burden to establish that his claim is eligible for the *Martinez* doctrine, and not the Director's burden to prove the opposite. For this reason, Murphy's argument that the Director was somehow obligated to raise the contents of Ms. Busbee's testimony in prior pleadings to the Court is nonsensical.

In an attempt to show that the new exhibits should be allowed, Murphy also accuses the undersigned attorney of breaching his "legal and ethical obligation to correct false testimony offered on its behalf." DE 109 at 2. Aside from the fact that it was Murphy who offered the testimony of Ms. Busbee, however, there is no evidence to indicate that her testimony was false. Ms.

2

Busbee testified generally about her decision to hire Dr. Mark Vigen as her mitigation expert, and about her opinion as to the quality and availability of such experts at the time of Murphy's 2003 trial. Transcript at 66-74. Despite Murphy's repeated attempts to get her to state that such experts did not exist at that time, Ms. Busbee stated the opposite:

> No, I'm not saying that. I'm saying there was nobody that I could find that I had confidence in. I don't know that there was official training for mitigation experts at that time or who would have administered it if there was. I mean, as we know, you can get online now and get a degree in practically anything. It doesn't mean that you would be good at your job.

Transcript at 66-67; *see also* 68 ("I don't know that. . ."), 69-70 ("There could be people who claim that they were trained. I was not satisfied, based on what people were sending of trying to solicit this business, that they would have been an effective mitigation investigator and/or witness.").

Nowhere in her testimony did Ms. Busbee assert that there were no mitigation experts working in Texas at the time of trial as Murphy now claims. DE 109 at 1. And nothing Murphy now provides to this Court establishes that Ms. Busbee's recollection of events and opinions on the quality of available experts was "demonstrably false." For these reasons, Murphy's attempt to cover his own dilatory actions by attacking the integrity of opposing counsel should not be rewarded.

3

## CONCLUSION

The Director respectfully requests that this Court strike Murphy's untimely affidavits (DE 105, exhibits 1-8) from the record, and render a decision based upon the record and pleadings currently before it.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division


   s/ Jeremy Greenwell
JEREMY C. GREENWELL*
Assistant Attorney General
State Bar No. 24038926

P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 936-1600
(512) 320-8132 (Fax)
E-mail:
jeremy.greenwell@texasattorneygeneral.gov

*Lead Counsel                    ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I certify that on the 16th day of November, 2015, a copy of the above pleading was electronically served to the following counsel for Murphy by filing the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court:

DAVID R. DOW
University of Houston Law Center
100 Law Center, Suite 114-BLB
Houston, TX 77004-6060
ddow@uh.edu

                                                        s/ Jeremy Greenwell
                                                        JEREMY C. GREENWELL
                                                        Assistant Attorney General