# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY MURPHY JR.** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| -vs- | § | CIVIL NO. 3:09-cv-01368-L |
| | § | |
| | § | *DEATH PENALTY CASE* |
| | § | |
| **LORIE DAVIS**, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MOTION TO ALTER OR AMEND THIS COURT'S MEMORANDUM OPINION AND ORDER DENYING RELIEF ON MURPHY'S PETITION FOR A WRIT OF HABEAS CORPUS

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4604 Calhoun Road
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131

*Counsel for Petitioner, Patrick Henry Murphy*

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY MURPHY JR.** | § § § | |
| Petitioner, | § § § | |
| -vs- | § § | CIVIL NO. 3:09-cv-01368-L |
| | § § | *DEATH PENALTY CASE* |
| **LORIE DAVIS**, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## MOTION TO ALTER OR AMEND THIS COURT'S MEMORANDUM OPINION AND ORDER DENYING RELIEF ON MURPHY'S PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Patrick Henry Murphy respectfully suggests that this Court manifestly erred when, on March 31, 2017, it found Murphy's first claim (the claim raised pursuant to *Enmund v. Florida*, 458 U.S. 782 (1982), *Tison v. Arizona*, 481 U.S. 137 (1987), and *Ring v. Arizona*, 536 U.S. 584 (2002)) was not presented to the CCA on direct appeal. Accordingly, Murphy hereby respectfully moves this Court to alter or

amend its March 31, 2017 judgment by: (1) withdrawing the portion of the order finding Murphy's claim to be procedurally barred; (2) finding Murphy's claim to be exhausted; (3) withdrawing the alternative merits holding for which the Court offered no explanation; and (4) addressing the merits of Murphy's claim.

Murphy's present claim was presented to the state court as the eighteenth claim in his direct appeal brief. ECF No. 113 at 15. As the Magistrate noted, Murphy's claim on direct appeal was that "[t]he trial court erred in overruling [his] objection to the jury charge concerning the applicability of [Texas Penal Code] Sec. 7.02(b) (conspirator liability) of the law of parties as being contrary to the constitutional requirements of *Enmund v. Florida*, which requires that there be specific intent of the accused to kill or to cause the loss of life." ECF No. 113 at 115. The Magistrate, however, misapprehended Murphy's argument and claim. ECF No. 113 at 20 ("*Enmund* does not prevent a conviction for capital murder but only restricts the punishment that may be imposed"). The apparent cause of the Magistrate's misapprehension of Murphy's claim was the Magistrate's failure to examine the relevant portion of the state court record. In Murphy's

direct appeal brief, Murphy identified pages 4 and 5 of volume 44 of the Reporter's Record as being the pages that contain the objection upon which his eighteenth claim on direct appeal was based. Brief for Appellant, *Murphy v. State*, No. AP-74,851, 2004 WL 3142172, at *71 (Tex. Crim. App. Sept. 20, 2004). The Magistrate cited the correct pages in the Record but then mistakenly assumed that Murphy's claim was actually based on an objection contained on pages 6 and 7 of volume 44. ECF No. 113 at 15 n.1. In doing so, the Magistrate erred.[1] The objection contained on pages 4 and 5, which is reprinted below, is the only one which Murphy argued on direct appeal was relevant to his eighteenth claim on direct appeal (and that eighteenth claim from the direct appeal is the same as Murphy's first claim in these proceedings).

> Trial counsel: We would also ask the Court to require the State to elect which of the two means or methods in the indictment to prove capital murder, since there's two separate allegations, one being killing a police officer and one the murder during the commission of a felony.
>
> Being that if they are both submitted under the Texas General Verdict Statute, the jury, we do not have a requirement or instruction that all 12 must agree on which theory. In other words, we could have ten for one

---

[1] Murphy alerted this Court to the Magistrate's error in his Objections. ECF No. 115 at 10.

>    theory and two for another theory or they could split and still come to a unanimous verdict.
>
>    And we feel that this violates the constitutional requirements for all 12 to agree beyond a reasonable doubt as to the various elements of the offense.
>
> Trial court:   That issue has been up and down many times and I will deny your request.
>
> Trial counsel:   Thank you. We also request an election between the two types of parties charge. There's a 702(a) which we call basically assisting and a 702(b), which is basically – defines it as joining a conspiracy.
>
>    The same argument being that the jury may split under the General Verdict Statute using Texas and not be unanimous on either type of parties and/or as it applies to the two types of ways to commit the offense.
>
> Trial court:   I understand your issue. Motion denied.

44 R.R. 4-5.[2]

The instructions that the trial court read to Mr. Murphy's jury at the conclusion of the guilt phase of his trial listed four disjunctive theories under which it could find Murphy guilty of capital murder. One of the theories allowed the jury to find Murphy guilty of capital murder if he was guilty as a conspirator to a robbery during which a death was

---

[2] Citations to the Reporter's Record appear as [volume number] R.R. [page number].

foreseeable. 1 C.R. 39-41.³ However, as a matter of Texas law, conspiracy does not require participation; it only requires agreement. Tex. Penal Code § 15.02. For that reason, the instruction is at odds with *Tison* and *Enmund*. Specifically, the instructions given to the jury did not require that the jury find Murphy *participated* in the robbery even though *Tison* requires that, to be eligible for death, a person have knowingly *engaged* in some activity. The verdict returned by the jury was simply a general verdict that said they found Murphy to be guilty of capital murder. The verdict did not indicate under which theory the jury chose to convict or whether the choice was even unanimous. It is entirely possible the jury found him guilty only of *agreeing* to participate (and not guilty of actually participating). While it was permissible to find him guilty of capital murder under this theory, under *Tison*, he is not eligible for death if convicted under this theory.

This claim, raised to the CCA on direct appeal as his eighteenth claim, is the same claim contained in his federal habeas petition. ECF No. 18 at 17-26. This was the claim Murphy raised in these proceedings. This Court's holding that the "version of [Murphy's] claim presented to

---

³ Citations to the Clerk's Record appear as [volume number] C.R. [page number].

this Court, as reflected in the Objections, was not presented to the CCA on direct appeal" is manifestly incorrect. ECF No. 117 at 4. The Court's subsequent conclusion that the claim is procedurally barred is also incorrect.

In its March 31, 2017 Memorandum Opinion and Order, the Court offered no explanation for its alternative holding that Murphy's claim is denied for lack of merit. ECF No. 117 at 4. Absent another explanation, Counsel assumes this alternative holding is based on the Magistrate's belief that Murphy's claim is that under *Enmund*, he could not be convicted of capital murder. As made clear in Murphy's Objections, ECF No. 115 at 7-11, and this Motion, this is not Murphy's claim.

To be sure, Murphy's degree of participation in the robbery was irrelevant to the guilt phase verdict (because he could be found guilty of capital murder if he merely agreed to the robbery); that is, he could have been found guilty of capital murder under the Texas statute without running afoul of *Enmund* and *Tison*. Nevertheless, *Enmund* and *Tison* require that for Mr. Murphy to be eligible for a death sentence, the jury also had to find that he intended to commit murder or was recklessly indifferent to human life while being a major

7

participant in the robbery. The jury made no such findings. *Apprendi* and *Tison* make clear that these additional factors are the facts that make a person death eligible. As such, they are functionally elements of the offense. Mr. Murphy is entitled to a jury finding that his conduct makes him death eligible. That his jury was required to make no such finding dictates that his death sentence cannot stand.

## Conclusion and Prayer for Relief

WHEREFORE, Mr. Murphy prays that this Court:

1. Withdraw the portion of its March 31, 2017 memorandum opinion and order finding Murphy's first claim is procedurally barred;

2. Find Murphy's claim is exhausted and procedurally viable;

3. Withdraw the alternative merits holding for which the Court offered no explanation;

4. Address the merits of Murphy's claim; and

5. Grant such other relief as law and justice require.

Respectfully submitted,

s/ David R. Dow

_____
David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel. (713) 743-2171

*Counsel to Patrick Henry Murphy, Jr.*

9

## Certificate of Conference

I certify that on April 20, 2017, I conferred with counsel for Respondent, concerning this motion via email. Counsel for Respondent has indicated the motion is opposed.

                                                  s/ David R. Dow
                                                  _____
                                                  David R. Dow

## Certificate of Service

I certify that April 27, 2017, a copy of the foregoing pleading was electronically served on counsel for the Respondent by filing the document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

Gwendolyn S. Vindell
Office of the Texas Attorney General
Post Office Box 12548, Capitol Station
Austin, Texas 78711
Gwendolyn.vindell2@oag.texas.gov

                                                  s/ David R. Dow
                                                  _____
                                                  David R. Dow