IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK HENRY MURPHY, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-1368-L-BN |
| | § | |
| LORIE DAVIS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| Respondent. | § | |

## RESPONDENT DAVIS'S RESPONSE IN OPPOSITION TO PETITIONER MURPHY'S MOTION TO ALTER OR AMEND THIS COURT'S JUDGMENT

In November 2003, Petitioner Patrick Henry Murphy, Jr., was convicted and sentenced to death by a Texas court for the December 24, 2000 capital murder of Irving Police Officer Aubrey Hawkins. His conviction and sentence was affirmed by the Texas Court of Criminal Appeals ("CCA") on April 26, 2006. *Murphy v. State*, No. AP-74,851, 2006 WL 1096924, at *1 (Tex. Crim. App. 2006) (not designated for publication), *cert. denied*, 549 U.S. 1119 (2007). The CCA also denied Murphy's application for a state writ of habeas corpus on July 1, 2009. *Ex parte Murphy*, No. 64,582-01, 2009 WL 1900369, at *1 (Tex. Crim. App. 2009) (not designated for publication). Murphy filed his federal petition for a writ of habeas corpus on June 30, 2010. ECF No. 18. Upon the recommendation of United States Magistrate Judge David Horan, *see* ECF No. 113, this Court denied federal habeas corpus relief and dismissed his

1

application with prejudice on March 31, 2017, ECF No. 117 (Memorandum Opinion and Order), 118 (Judgment).

Murphy now files this motion to alter or amend this Court's Memorandum Opinion and Order. ECF No. 121. In support, Murphy argues that this Court "manifestly erred" when it concluded that Murphy's first claim—alleging error pursuant to *Enmund v. Florida,* 458 U.S. 782 (1982), *Tison v. Arizona,* 481 U.S. 137 (1987), and *Ring v. Arizona,* 536 U.S. 584 (2002)—was not presented to the CCA on direct appeal. ECF No. 121, at 2. Murphy asks this Court to (1) withdraw the portion of its order procedurally barring this claim; (2) find the claim to be exhausted; (3) withdraw the alternative merits holding; and (4) address the claim on the merits. ECF No. 121, at 3.

Although Murphy cites no legal provision, presumably he moves pursuant to Federal Rule of Civil Procedure 59(e), allowing motions to alter or amend a judgment. Murphy's Rule 59(e) Motion identifies no new facts or law but re-urges and rehashes his earlier arguments. But this Court did not manifestly err in concluding that Murphy's claim was procedurally barred and otherwise meritless. Murphy therefore fails to advance any valid reason to grant Rule 59(e) relief, and his motion should be denied.

# ARGUMENT

## I.   Standard of Review

The decision to alter or amend a judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion. *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611, n.18 (5th Cir. 1993). However, the circumstances for granting such a motion are limited. Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp.2d 463, 465 (E.D. La. 2000)). Indeed, the Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc.*, 2 F.3d at 611. Such a motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Thus, "a party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.*, No. 89-1412-C, 1989 WL

159369, at *1 (D. Kan. Dec. 15, 1989) (unpublished) (citing *United States v. Carolina Eastern Chem. Co., Inc.*, 639 F. Supp. 1420, 1423 (D.S.C. 1986)).

Consequently, to prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or to prevent manifest injustice. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003); *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986); *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (stating that the purpose of a Rule 59(e) motion is "to correct manifest errors[1] of law or to present newly discovered evidence").

## II. This Court Did Not Commit a Manifest Error by Procedurally Barring Murphy's Claim.

Murphy does not assert an intervening change of controlling law or the availability of new evidence as grounds to alter or amend. Instead Murphy argues that this Court "manifestly erred" when it concluded that his first claim was procedurally barred because it had not been raised on direct appeal. ECF No. 121, at 2. He alleges instead that the claim was actually presented to the state court on direct appeal as the eighteenth claim. *Id.* at 2–3. In support he

---

[1]     "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law' or 'an obvious mistake or departure from the truth.'" *Berezowsky v. Ojeda*, 652 F. App'x 249, 251 (5th Cir. Jun. 13, 2016) (unpublished) (citations omitted).

argues that the Magistrate misapprehended his argument because the Magistrate failed to properly examine the relevant portion of the state court record. ECF No. 121, at 3–4 (citing ECF No. 113, at 15, 20).

But, as Murphy notes, he has already made this argument in his objections to the Magistrate's report, alerting this Court to the Magistrate's supposed error. ECF No. 121, at 4 n.1 (citing ECF No. 115, at 10). This Court disagreed. *See* ECF No. 117, at 3–4. As explained above, a Rule 59(e) motion is not an appropriate vehicle for rehashing arguments offered before judgment is entered. *Templet*, 367 F.3d at 479.

Moreover, neither this Court nor the Magistrate misapprehended Murphy's claim. On direct appeal Murphy's challenge was confined to his conviction. *See Murphy,* 2006 WL 1096924, at *21 n.58 (clarifying that Murphy "also made an *Enmund* objection at the punishment phase of the trial, but in his brief he cites and refers only to his objection at the guilt or innocence phase"). The CCA correctly determined that *Enmund* did not preclude his conviction. And, to the extent Murphy's instant federal allegation is the same as that raised on direct appeal, both the Magistrate and this Court correctly determined that the CCA's finding was not an unreasonable application of federal law. ECF No. 113, at 20; ECF No. 117, at 4.

That the Magistrate correctly understood the portion of his federal claim that *was* raised on direct appeal is evidenced by the fact that the Magistrate

recognized that an additional objection relevant to the issue was lodged at trial. Indeed, on direct appeal, Murphy argued that "[t]he trial court erred in overruling [his] objection to the jury charge concerning the applicability of Sec. 7.02(b) (conspirator liability) of the law of parties as being contrary to the constitutional requirements of [*Enmund*] which requires that there be specific intent of the accused to kill or to cause the loss of life." Brief for Appellant at 71. The additional objection cited by the Magistrate simply restated Murphy's direct-appeal argument: "We also object to the submission of the case under [7.02](b) theory of co-conspirator liability as a parties charge because it conflicts with the requirement of capital murder that there be a specific intent to kill or the conscious objective of the defendant to kill or cause the loss of life." 44 RR 6–7. The Magistrate's citation to an additional objection restating the argument raised on direct appeal does not demonstrate that the Magistrate thus misinterpreted the argument. And, importantly, this Court did not find this version of Murphy's claim—the one that was in fact raised on direct appeal—to be procedurally barred. *See* ECF No. 117, at 3 (concluding that the Report's determination that "the version of this claim that was presented to the Texas Court of Criminal Appeals ("CCA") on direct appeal is not shown to have been an unreasonable application of federal law" is "correct and accepted by this court"). Thus, the Court correctly found that the CCA's rejection of the portion of Murphy's federal allegation that relates to the objections raised at

the guilt/innocence stage of trial was reasonable under AEDPA.[2] ECF No. 117, at 3.

However, in federal court, Murphy argued that his challenge was to the imposition of his sentence, not just his conviction. It is *this* version of Murphy's claim that the Court procedurally barred because it had not been raised on direct appeal. *See* ECF No. 117, at 4 ("The magistrate judge correctly determined that an independent and adequate state ground existed to bar federal review of claims that were not presented on direct appeal, as they are barred from post-conviction habeas review.").   But, such a procedural bar was proper because Murphy did not raise an *Enmund* claim at sentencing. *See Murphy,* 2006 WL 1096924, at *21 n.58 (finding "in [Murphy's] brief he cites and refers only to his objection at the guilt or innocence phase").

And, this Court also properly accepted the Magistrate's alternative merits finding that the "'anti-parties' special issue was given in accordance with the requirements of *Enmund*[,]" and "[b]ecause the special issues satisfied *Enmund*, this claim lacks merit." ECF No. 113, at 20. The factual determination that a defendant possessed the requisite culpability necessary for the imposition of the death penalty under *Enmund* and *Tison* can be made at any point in the trial court proceedings, including on appeal. *Cabana v.*

---

[2]     The Anti-Terrorism and Effective Death Penalty Act of 1996.

*Bullock,* 474 U.S. 376, 386–87 (1986) *overruled in part on other grounds, Pope v. Illinois,* 481 U.S. 497 (1987); *see also Hopkins v. Reeves,* 524 U.S. 88, 99–100 (1998) (states can comply with *Enmund* requirement at sentencing or on appeal); *Gongora v. Thaler,* 710 F.3d 267, 292–94 (5th Cir. 2013) (Owen, J., dissenting) (*Enmund/Tison* findings need not be made during trial proceedings, and *Enmund* did not add elements to the state's statutory capital sentencing scheme);3 *Foster v. Quarterman,* 466 F.3d 359, 370 (5th Cir. 2006) (district court should have examined entire record of state court proceedings to determine whether any state court made *Tison/Enmund* findings); *Clark v. Johnson,* 227 F.3d 273, 281 (5th Cir. 2000).

Because Murphy has consistently attempted to conflate the two versions of his claim, he now similarly attempts to conflate this Court's holdings to show that it "manifestly erred." However, the Court has already rejected Murphy's attempts to obfuscate his claims, and Murphy simply rehashes these arguments in this motion, which he cannot do in a Rule 59(e) motion. Because Murphy does not show that this Court "manifestly erred," the Court should deny his motion to alter or amend judgment.

---

3    The *Gongora* majority opinion reversed on other grounds and did not reach the Eighth Amendment issue; but Justice Owen would have denied habeas relief because *Enmund, Tison,* and *Cabana* have not been overruled, nor are they in conflict with *Apprendi* and *Ring.* 710 F.3d at 295.

### III.   To the Extent That Murphy Contests the Court's Decision on the Merits, His Rule 59(e) Motion Constitutes a Successive Petition.

As indicated above, this Court concluded that the state court's decision was reasonable with respect to the portion of Murphy's claim that attacks his conviction. ECF No. 117, at 3. And, with respect to the portion of Murphy's claim that attacks his *sentence*, this Court concluded, in the alternative, that this claim lacked merit. ECF No. 117, at 4.[4] Murphy presumes that the latter of the Court's holdings is based upon the Magistrate's allegedly incorrect belief that Murphy's claim rests on the premise that he cannot be convicted of capital murder under *Enmund*.[5] ECF No. 121, at 7. Murphy argues once again that this is not his claim, ECF No. 121, at 7 (citing ECF No. 115, at 7-11), and asks the Court to withdraw this holding and address the claim on the merits, *id.* at 3. But, a Rule 59(e) motion is not an appropriate vehicle for rehashing arguments. *Templet*, 367 F.3d at 479.

Notwithstanding Murphy's mischaracterization of the Court's conclusion, *see supra* Section II, to whatever extent that Murphy attempts to attack the Court's denial of his claim on the merits, his Rule 59(e) Motion

---

[4]   As noted, this Court accepted the Magistrate's alternative finding that the "'anti-parties' special issue was given in accordance with the requirements of *Enmund*[,]" and "[b]ecause the special issues satisfied *Enmund*, this claim lacks merit." ECF No. 113, at 20.

[5]   Again, Murphy's assumption is incorrect. This Court adopted the Magistrate's alternative merits holding with respect to "the remainder of Murphy's first claim," which relates to the portion of his claim regarding his sentence. ECF No. 113, at 20.

constitutes a successive petition now that final judgment has entered, and it should be summarily dismissed. The Supreme Court has held that a motion seeking relief from final judgment under Rule 60(b) that raises "new" claims or attacks the resolution of previously adjudicated-on-the-merits claims is the functional equivalent of a second-or-successive petition. *Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005). The Fifth Circuit has extended the *Gonzalez* rationale to Rule 59(e) motions. *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("Keeping in mind AEDPA's basic premises—avoiding piecemeal litigation and encouraging petitioners to bring all their substantive claims in a single filing—we believe that Rule 59(e) gives rise to concerns similar to those the Supreme Court addressed in *Gonzalez*, and therefore apply the *Gonzalez* framework to both of Williams's motions."). Thus, where a post-judgment motion—a Rule 59(e) or Rule 60(b) motion—is, in fact, a second-or-successive petition, a district court has no jurisdiction to entertain it and it must be dismissed. *Id.* at 304. It is only when a Rule 60(b) or 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez*, 545 U.S. at 532; *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("[W]here a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion."). Murphy

10

is thus limited to attacking the validity of the Court's procedural default ruling and not its decision on the merits. For the reasons already discussed at length above and in prior briefing, the Court's procedural ruling with respect to his attack of his sentence is sound.

## CONCLUSION

The Director respectfully requests that the Court deny Murphy's motion to alter or amend this Court's judgment.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE MCFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

s/ Gwendolyn S. Vindell
GWENDOLYN S. VINDELL*
Assistant Attorney General
Texas Bar No. 24088591

*Attorney-in-charge

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Tel: (512) 936-1400
Fax: (512) 320-8132
Email:Gwendolyn.vindell2@oag.texas.gov

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that on May 18, 2017, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

David R Dow
University of Houston Law Center
4604 Calhoun Road
Houston, TX 77204-6060
ddow@central.uh.edu

s/ Gwendolyn S. Vindell
GWENDOLYN S. VINDELL
Assistant Attorney General