IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY MURPHY,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | No. **3:09-CV-1368-L** | |
| § | | |
| **LORIE DAVIS,** Director, § | (Death Penalty Case) | |
| Texas Department of Criminal Justice § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION

Before the court is Patrick Henry Murphy's ("Murphy" or "Petitioner") Motion to Alter or Amend this Court's Memorandum Opinion and Order Denying Relief on Murphy's Petition for a Writ of Habeas Corpus (Doc. 121), filed April 27, 2017. Lorie Davis ("Davis" or "Respondent") has filed a response in opposition to the motion (Doc. 122), to which Murphy has filed a reply (Doc. 123). The court **denies** the motion, as it properly addressed the arguments Murphy presented in his pleadings, and his new arguments do not warrant relief from the judgment.

**I**

Rule 59(e) of the Federal Rules of Civil Procedure allows a court "to rectify its own mistakes in the period immediately following entry of judgment." *White v. New Hampshire Dep't of Emp't Sec.,* 455 U.S. 445, 450 (1982). Although district courts have discretion as to whether to reopen a case under Rule 59(e), "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.,* 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

**Memorandum Opinion and Order Denying Motion - Page 1**

"A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig [v. Azurix Corp.,* 332 F.3d 854, 863-64 (quoting *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990)]. Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *See In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir.2002).

*Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 567-68 (5th Cir. 2003) (footnote omitted).

In determining whether to grant Rule 59 relief, the Fifth Circuit has set forth a balancing test between "two important judicial imperatives relating to such a motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts. The task for the district court is to strike the proper balance between these competing interests." *Templet,* 367 F.3d at 479 (citations omitted).

The district court, however, has no jurisdiction to consider a successive habeas petition, even if it is couched as a motion filed under Rule 59, unless the petitioner first obtains the required authorization from the court of appeals. A motion to reopen under Rule 59 is considered a successive habeas petition under 28 U.S.C. § 2244(b) when it raises a claim that was or could have been raised in the petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008).

In determining whether a motion to reopen under Rule 59(e) is actually an impermissible successive habeas petition, this Circuit applies the same framework of *Gonzalez v. Crosby,* 545 U.S. 524 (2005), that is used to determine whether a motion to reopen under Rule 60(b) of the Federal Rules of Civil Procedure is a second or successive habeas petition, and, thus, subject to the AEDPA's additional jurisdictional requirements. *See Williams v. Thaler,* 602 F.3d 291, 304 (5th Cir. 2010).

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim **on the merits**, since alleging that

**Memorandum Opinion and Order Denying Motion - Page 2**

> the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Gonzalez,* 545 U.S. at 532 (emphasis in original) (footnotes omitted). "More specifically, a petitioner does not make a habeas corpus claim 'when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Williams,* 602 F.3d at 305 (quoting *Gonzalez,* 545 U.S. at 532 n.4).

## II

The motion makes a slightly different claim than that presented in the petition by asserting that the state court did not require the state to elect which theory of capital murder to convict, but it is not different enough to constitute a successive petition that would be beyond the jurisdiction of this court. This court properly denied this claim as procedurally barred because it was not presented on direct appeal. Alternatively, the Texas Court of Criminal Appeals ("CCA") correctly denied the claim on direct appeal because Murphy complained only about the conviction and not the death sentence. Further a complaint under *Enmund v. Florida,* 458 U.S. 782 (1982), against the punishment phase instructions that included a special issue in satisfaction of the *Enmund* requirement would lack merit.

### A.    *Procedural Bar*

Murphy asserts that the court erred in finding that the first claim had not been raised in the direct appeal. Mot. at 1. He argues that the Magistrate Judge misapprehended the claim because of his "failure to examine the relevant portion of the state court record." Mot. at 3. Although acknowledging that the correct pages of the record were cited, Murphy argues that the Magistrate

Judge "assumed that [his] claim was actually based on an objection contained on pages 6 and 7 of volume 44." Mot. at 4.

Respondent counters that neither this court nor the Magistrate Judge misapprehended Murphy's claim. Resp. at 5. Respondent notes that, on direct appeal, Murphy's challenge was confined to his conviction, not his sentence, but that his complaint before this court challenges the sentence as well. Resp. at 5, 7. Therefore, the version of Murphy's claim presented before this court asserted a different complaint that this court properly found to be procedurally barred. Resp. at 7.

On this point, Respondent is correct. The Magistrate Judge appears to have reviewed the entire record, recognizing, citing, and quoting the portions of the state reporter's record that Murphy relied upon in his direct appeal. That the Recommendation also cites the portion of the record that applied to the state court's consideration on collateral habeas review and another place in the state court record that contained an arguably broader trial objection does not indicate any failure to review any part of the record.

On direct appeal, Murphy's entire eighteenth point of error was as follows:

### ISSUE NO. 18

**THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTION TO THE JURY CHARGE CONCERNING THE APPLICABILITY OF SEC. 7.02 (b) (CONSPIRATOR LIABILITY) OF THE LAW OF PARTIES AS BEING CONTRARY TO THE CONSTITUTIONAL REQUIREMENTS OF ENMUND V. FLORIDA, SUPRA; WHICH REQUIRES THAT THERE BE SPECIFIC INTENT OF THE ACCUSED TO KILL OR TO CAUSE THE LOSS OF LIFE**

### ARGUMENTS AND AUTHORITIES

Appellant directs this Honorable Court's attention to Rep. R Vol. 44 pp. 4-5 at which Appellant objected to the jury submission dealing with the law of parties as applied by the trial court in this case as it violated the holding of the United States Supreme Court in *Enmund v. Florida, supra*; which has specific requirements not found in the Texas Death Penalty Statute before death can be imposed as a possible

**Memorandum Opinion and Order Denying Motion - Page 4**

> punishment. The trial court erred in using language on issues not sanctioned by the *Enmund* case; which calls for reversal and new punishment hearing or rendering of a life sentence.

App. Br. at 71.

The Recommendation clearly indicates the objection on which Murphy relied in his direct appeal. In a footnote, the Recommendation described the relied-upon language: "In his appeal brief, Murphy *relied on* the portion of the trial record during the charge at the guilt/innocence phase, in which Murphy had moved for 'an instructed verdict based on the *Enmund versus Florida* case, 458 U.S. 782, that evidence fails to show that defendant killed or attempted to kill the deceased.'" Rec. at 15 n.1 (citing Vol. 44, Reporter's Record, at 4-5 (hereinafter 44 RR at 4-5)) (emphasis added). Contrary to Murphy's Rule 59 Motion, this language not only identifies the same pages in the record cited in the motion as that which was "relied upon" in the direct appeal brief but also quoted the pertinent language from the trial record that correlates with the appellate point regarding the need to show intent to kill. *See* App. Br. at 71.

To the extent that Murphy's argument is made in support of the *Enmund* claim—that he was sentenced to death without the necessary finding that he either had the purpose to commit murder or that he was recklessly indifferent to human life as alleged in the petition—the new language regarding the trial court's failure to make the state elect a theory of conviction would not change the analysis of that claim. Rec. at 19-20. Although the disjunctive jury charge complaint was not the theory presented in his eighteenth claim on direct appeal where he asserts this claim was exhausted—his nineteenth and twentieth claims on direct appeal did not argue any connection to *Enmund*— a disjunctive theory was argued in the petition before this court. In contrast to the claim made before this court, however, each of Murphy's claims on direct appeal—his eighteenth, nineteenth and twenti-

eth—complained only of his conviction rather than his sentence, and were only supported by objections made to the guilt-phase charge to the jury rather than the punishment-phase charge.

The CCA denied Murphy's *Enmund* claim precisely because it was asserted against his conviction rather than his sentence. *See Murphy v. State,* 2006 WL 1096924, at *21 (Tex. Crim. App. Apr. 26, 2006). Murphy has still not identified any objection or argument made in the punishment phase of the trial that would have preserved such a complaint against the sentence, even though the CCA's opinion on direct appeal specifically noted that Murphy " also made an *Enmund* objection at the punishment phase of the trial, but in his brief he cites and refers only to his objection at the guilt or innocence phase." *Murphy,* 2006 WL 1096924, at *21 n.58.

In his reply, Murphy makes yet another iteration of his claim. He argues that his " claim (which is the same now as it was when he raised it as the eighteenth claim in his direct appeal brief) is that [*Tison v. Arizona,* 481 U.S. 137 (1987),] requires that for a person to be eligible for death, he had to have knowingly engaged in some activity; however, the verdict form presented to Murphy's jury did not require the jurors to make this finding." Reply at 3. This differs from the eighteenth claim presented on direct appeal in that (1) the claim presented to the CCA relied upon *Enmund*, not *Tison*, and (2) the claim presented to the CCA complained about the lack of the required **intent** rather than any **activity**.

This court properly accepted the Recommendation to find that this claim was not presented in Murphy's direct appeal and was found to be procedurally barred by the state court on postconviction habeas review. Rec. at 16, 18-20.

### B. *Jurisdiction*

Respondent argues that the Rule 59 Motion constitutes a successive habeas petition that this court does not have jurisdiction to consider because it asserts a complaint against this court's merits determination. Resp. at 9-11. Respondent argues that the presentation of a merits complaint is, in essence, the presentation of a new claim for relief that would constitute a successive habeas petition. Since the Court of Appeals has not authorized such a successive petition, this court has no jurisdiction over Murphy's motion.

This court does not agree that the Rule 59 Motion asserts a complaint against the merits determination. Murphy's motion merely requests that this court withdraw its alternative merits analysis of this claim because it lacked an explanation. Motion at 3, 7-8. This is framed as a complaint against the integrity of the opinion, the propriety of including an alternative analysis argued to be unnecessary, rather than challenging the substance of the alternative analysis. Therefore, the court does not find that this constitutes a new claim that makes the motion a successive habeas petition.

There is a closer jurisdictional issue that has not been asserted. Murphy's claim appears to vary slightly each time that it is presented at a different stage of the proceedings, whether it is the direct appeal, state postconviction habeas petition, federal habeas petition, objections, or a Rule 59 Motion. Murphy's Rule 59 Motion asserts the substance of a different complaint than he made in his petition and relies upon a different appellate complaint that he made before the CCA. In his motion, Murphy argues that he exhausted this claim in his eighteenth complaint on direct appeal, but he quotes language that was asserted in different appellate complaints, namely, his nineteenth and twentieth claims on direct appeal. In support of this claim as presented in his Rule 59 Motion, Murphy quotes his objection that asked the trial court "to require the State to elect which of the two means or methods

**Memorandum Opinion and Order Denying Motion - Page 7**

in the indictment to prove capital murder" because both theories were submitted under a general verdict statute and the jury could be split and not unanimous on which theory to convict. Mot. at 4-5 (quoting 44 RR 4-5). This was not presented in Murphy's eighteenth claim on direct appeal but in his nineteenth and twentieth claims, which did not argue or even mention *Enmund v. Florida*. *See* App. Br. at 72-75.

It is a close question whether the claim presented in the Rule 59 Motion was asserted in the petition for habeas relief that was filed in this court. After quoting the trial objection requesting that the trial court require the state to elect, Murphy complains in his Rule 59 Motion about the use of a disjunctive jury charge in the guilt phase of the trial.

> Specifically, the instructions given to the jury did not require that the jury find Murphy participated in the robbery even though [*Tison v. Arizona,* 481 U.S. 137 (1987)] requires that, to be eligible for death, a person have knowingly engaged in some activity. The verdict returned by the jury was simply a general verdict that said they found Murphy to be guilty of capital murder. The verdict did not indicate under which theory the jury chose to convict or whether the choice was even unanimous.

Mot. at 6. While the claim in the petition did not complain that the trial court failed to require the state to elect which theory to submit to the jury in the guilt phase of the trial, Murphy's argument in support of his first claim relied in part on the same disjunctive nature of the jury charge upon which a general verdict of guilty was returned. Pet. at 19-23. While this distinguishes the claim presented to this court from the eighteenth claim presented to the state court on direct appeal, it does not sufficiently differ from what was pleaded in his petition to require this court to find that it constitutes an unauthorized successive habeas petition. Further, Respondent's response does not recognize this difference and even asserts that the version of this claim presented in the Rule 59 Motion was the

same as asserted in his objections. Resp. at 5. Accordingly, this court declines to find *sua sponte* and without notice to the parties that it lacks jurisdiction to entertain the Rule 59 Motion on that basis.

C.  **Merits**

The Recommendation also properly included alternative findings addressing both the merits of the claim presented to the state court and the merits of the unexhausted claim. Murphy complains that the Recommendation included an alternative merits analysis without explaining why, but such an explanation is not necessary for a routine alternative merits analysis. A federal district court's inclusion of an alternative merits analysis "is a common device in habeas cases in this circuit; such alternative findings in themselves do not detract from a conclusion that a procedural bar is enforceable." *Ibarra v. Thaler,* 691 F.3d 677, 685 (5th Cir. 2012), *abrogated on other grounds by Trevino v. Thaler,* 133 S. Ct. 1911 (2013); *see also Palombo v. Cameron Offshore Boats, Inc.,* 108 F.3d 332 (5th Cir. 1997) ("[A]lternative findings can often be helpful as they can obviate the need for a remand for further fact finding.").

The alternative analysis properly recognized the reasonableness of the CCA's conclusion that *Enmund* did not prevent a conviction for capital murder, but it, instead, addressed the requirements for a death sentence. "*Enmund* prevents imposition of the death penalty under certain circumstances; it does not prohibit a capital murder conviction for a non-triggerman under the law of parties." *Murphy,* 2006 WL 1096924, at *21. Further, even if Murphy had properly asserted on direct appeal an *Enmund* complaint against his sentence rather than his conviction, it would lack merit because the death sentence was issued upon punishment-phase instructions that complied with *Enmund*. The punishment phase instructions included a special issue requiring the jury to "find from the evidence beyond a reasonable doubt" if Murphy did not actually cause the death of the deceased, that he "intended to kill the deceased

or another or anticipated that a human life would be taken." (1 CR at 55.) The jury's verdict on this special issue satisfies the asserted requirement of *Enmund*. Rec. at 20 (citing *Rockwell v. Davis,* No. 4:14-CV-1055-O, 2016 WL 4398378, at *21 (N.D. Tex. Aug. 18, 2016).

In sum, the Recommendation properly found the first claim to be procedurally barred and, in the alternative, lacking in merit. Therefore, it was properly accepted. To the extent that the claim in Murphy's Rule 59 Motion differs from that covered by the Recommendation and presented in the petition, it creates an issue as to whether the motion constitutes a successive habeas petition. Because the difference appears slight and no party argues that this court lacks jurisdiction on that basis, it is unnecessary to make that finding *sua sponte*. Therefore, the motion will be denied.

\* \* \*

For the reasons herein stated, the court **denies** Murphy's Motion to Alter or Amend this Court's Memorandum Opinion and Order Denying Relief on Murphy's Petition for a Writ of Habeas Corpus (Doc. 121). The court **directs** the clerk of court to close this case.

**It is so ordered** this 15th day of November, 2017.

Sam A. Lindsay
United States District Judge